DOLLY B. BROWN and others

*v.*

GEORGE FRANCIS BROWN and others.

Where legacies were, by one section of a will, charged on lands, and ·full power is thereby given to the executors to sell testator's lands in . order to pay debts and legacies,—*Held*, that such power was not quali-fied by a power given to the executors, in another section of the will, ·to sell after the death or remarriage of testator's widow.

Bill for construction of will. On bill and answer.

*Mr. James O. Clark*, for complainants.

*Mr. Edward A. Day*, for defendants.

THE CHANCELLOR.

Joshua Brown, late of Westfield, in the county of Union, ·in this state, by his will, dated June 25th, 1875, after pro-

viding that his just debts and funeral expenses should be paid out of his estate as soon as practicable, gave to his sister Mary Ann Leverett, $1,000; to his sister Sarah Moulton, $900; to the Westfield Baptist church, $500; to his sons George F., Joshua W., Charles B. and Edward N., $2,000 each; to his daughter Anna Louisa, his piano-forte and $2,000; to his wife, all of his household furniture and articles of taste, personal effects and property of every kind which, at his death, might be used upon or appertain to his homestead. He then, by the eighth section, empowered and directed his executors to sell any and all of his real and personal estate, except the building No. 302 Canal street, in the city of New York, and that which was specifically bequeathed, at public or private sale, for cash, or partly for cash and partly on credit, for the best price they could obtain for the same, and directed that, after the payment of his debts and the expenses of his estate, they pay each of the before-mentioned legacies to the parties entitled thereto, at the expiration of six months from the probate of his will; provided that, in the opinion of his executors, the interest of his estate should not be thereby jeopardized, but, should it be deemed by them improper to so pay the legacies, he directed that they be paid within thirty days after the settlement of the first account rendered by his executors; the legacies to be paid without interest. He then directed that, in case his sons George F., Joshua W. and Charles B., or either of them, should desire to carry on a business similar to that which he, at the time of making the will, was carrying on in the city of New York, his executors should offer to them the stock, books and fixtures in his store in New York, at the time of his death, at five per cent. below the actual, appraised value, and permit them to use the legacies given to them, in payment. He then devised all the rest and residue of his estate, real and personal, to his executors, or such of them as should qualify; as to his personal estate, to keep it invested according to law; and, as to his real estate, to demise and let it upon such terms, and for such periods, as

they might see fit, and, after paying all expenses, including taxes and assessments, ordinary and extraordinary repairs, premiums on insurance &c., for the protection and improvement of his real estate, to apply the income derived from the said personal and real estate to the use of his wife, the complainant Dolly B. Brown, during her life, or so long as she should remain his widow and unmarried. And upon her death or remarriage, to the use of his children, share and s hare alike, during the minority of the youngest of them who should attain to the age of twenty-one years, and when that child should have attained its majority, to sell the real and personal estate and divide it in equal shares among his children. And he declared that the provisions in his will for his wife were intended to be in lieu and satisfaction of her dower. He then gave to his executors, or such of them as should qualify, power to sell any of his real estate, after the death or remarriage of his wife, and power to let or demise it, as in their judgment might seem proper; and, in case of need, to mortgage it; to rebuild in case of fire, and to make such alterations and repairs from time to time as to them may seem meet and proper. The personal estate of the testator has been applied to the payment of his debts and legacies, and has been sufficient for the purpose, except as to the legacy of Edward N. Brown, which remains unpaid, and of which the residue of the personal estate in the hands of the executors will only pay part. The executors being in doubt as to whether, under the provisions of the will, they have power to sell any of the real estate before the death or remarriage of the widow, to raise money to pay that legacy, the question is submitted to the court.

By the eighth section of the will the testator empowers and directs his executors to sell any and all of his real and personal estate, except the building No. 302 Canal street, in the city of New York, and that which is specifically bequeathed, and directs that they pay, after payment of his debts and the expenses of the estate, the legacies to the parties entitled thereto, fixing the time for the payment at the expiration of

six months from the probate of the will, and providing that, in case in the opinion of the executors the interest of the estate would be prejudiced by paying the legacies so early, they should pay them at a later day, but within thirty days after the settlement of their first account. By the tenth section, he gives to his executors power to sell the residue of his real and personal estate, with a view to a division of the proceeds thereof among his children, and by the twelfth he gives them power to sell any of his real estate after the death or remarriage of his wife, with power to let, demise or mortgage it, to rebuild in case of fire, and to make alterations and repairs, and the question which has arisen as to the power of the executors to sell, springs from the provision in the twelfth section which authorizes sale, but only after the death or remarriage of the widow. It is entirely clear that, under the eighth section, the executors have power to sell so much of the real estate, except the property in Canal street, as may be necessary to raise the money to pay the legacy to Edward N. Brown. By that section the pecuniary legacies are charged on the real estate, which the executors are thereby authorized to sell. The direction is to sell the property, and, after payment of the debts and expenses of the estate, to pay the legacies. This is a charge of the legacies on the land.

But further, by the tenth section all the rest and residue of the estate, real and personal, is given to the executors for the purposes therein mentioned, that is to say, for the use of the widow, and, after her death or remarriage, to the use of the testator's children during the minority of the youngest who shall attain to the age of twenty-one years, and, after such child shall have attained majority, to sell the property and divide the proceeds among the children or their legal representatives. The gift of the rest and residue of the real and personal estate together, after the gift of the pecuniary legacies, is evidence of the intention to charge the legacies on the land. In *Corwine* v. *Corwine, 9 C. E. Gr. 579,* where a testator, having first directed that his debts be

Brown *v.* Brown.

paid, gave a money legacy to each of his daughters, and a specific legacy of household goods to them and his son equally, gave to his son the rest and residue of his estate, both real and personal, not otherwise disposed of, it was held that the pecuniary legacies were a charge upon his real estate. The rule is, that if legacies are given generally, and the residue of the real and personal estate is afterwards given in one mass, the legacies are a charge upon the residuary real as well as the personal estate. It is therefore entirely clear that the legacies are charged upon the real estate which, by the eighth section of the will, the executors are directed to sell. Under the provisions of that section it is incumbent on the executors to sell so much of that real estate as may be necessary to make up the deficiency of the personal estate in paying the debts and legacies. In the absence of the express direction to sell the land to pay the debts and legacies, the power to sell would be implied. They are charged on the land. They are to be paid by the executors. A time is fixed in the will for the payment of the legacies by them. The power to sell would be implied. *Dewey's ex'rs* v. *Ruggles, 10 C. E. Gr. 35; Whitehead* v. *Wilson, 2 Stew. 396 ; Haggerty* v. *Lanterman, 3 Stew. 37.*

The executors are to sell no more of the real estate directed to be sold in the eighth section than may be necessary to raise the deficiency, but they are, of course, to act with discretion, and to sell in such manner as will be most advantageous to the estate. If it be necessary to sell a house and lot to raise the money, they will do so. They may sell at public or private sale. The surplus proceeds of the sale will be part of the residuary estate. The real estate which it may not be necessary to sell to raise the deficiency will be held under the provisions of the will in regard to the residuary estate.