## CALDWELL v. MEADOR.

1. A Justice of the Peace has no authority under the attachment laws of this State, to issue an attachment returnable into the County or Circuit Court of any other County, than that for which he is appointed.

WRIT of Error to the County Court of Sumter County.

Caldwell sued out an attachment before a Justice of the Peace of Greene County, and the writ was made returnable to the County Court of Sumter County. On its return, the attachment was quashed by the County Court, on the ground that the Justice issuing it had no jurisdiction.

This is now assigned as error.

SMITH, for the plaintiff in error, argued that the authority is general in its terms, and being so there is no more reason to re-

strict a Justice of the Peace to his county, than there is to re-strict a Judge of the County or Circuit Court.   [Dig. 37, §2.]

MANNING, contra.

GOLDTHWAITE, J.—It is true, the statute in very general terms authorizes any Judge of the Circuit or County Courts, or any Justice of the Peace, to issue writs of attachment; [Digest, 37, §2,] but we think these powers are conferred with reference to the extent of the general duties of these officers, and that it was not intended to enlarge the circle of their jurisdiction. Ordinarily, the duties of a Justice of the Peace are to be exercised by him within his proper county, and where general terms are used with reference to new duties imposed on this grade of officers, they must be considered as confined to the county, unless a more extensive jurisdiction is expressly given.

We think the Justice had no jurisdiction to issue this attachment, and therefore the judgment is affirmed.