## ROBINSON, use, &c. v. CURRY AND HAYNEE.

1. In a declaration upon a bill single, it is a sufficient excuse for the omission, to make profert, that the defendant wrongfully and illegally obtained possession of it from an attorney of the plaintiff; nor is it necessary in such a case to file an affidavit of the loss of the bill, under our statute.

Writ of error to the Circuit Court of Pickens.

Action of debt by Robinson, for the use of McEwin against Curry and Haynee, as joint obligors, by a certain single bill.— The declaration contains two counts, in neither of which is there any profert *in curia* of the bill; but as an excuse therefor, there is an averment in the first count, that the defendants wrongfully and illegally obtained possession of the bill from the hands of one Maupin, then and there acting as attorney for the plaintiff, without lawful payment therefor; and which bill the said defendants, on demand, refused to return to the plaintiff. The second count contains substantially the same excuse for the omission to make profert. The defendants demurred to the declaration, and the court sustained the demurrer. This is the only error assigned.

L. Clark, for the plaintiff in error.

B. F. Porter, *contra*.

GOLDTHWAITE, J.—The excuse alleged in this declaration for the omission to make profert, traces the bill single to the possession of the defendant, and avers that possession to be tortious. It does not differ, in any respect, from Totty v. Nesbitt, [3 Term, 154,] or Mattison v. Atkinson, [ib.] In the first of these cases, the defendant had admitted in his answer to a bill in chancery, that he had executed the bond, and that it had been discharged by him; and in the other, the defendant had obtained and cancelled the bond under an award of arbitrators, which afterwards was set aside. We do not perceive that any substantial reason exists why a party from whom the obligor unlawfully withholds a bill single, should be driven to his action of trover to recover damages for the conversion, instead of an action of debt, directly upon it.

It is supposed, however, that the statute requiring an affidavit to be filed when suit is commenced on a lost note or other instrument, [Clay's Digest, 333, § 112,] applies to this case. We think otherwise; because it seems to us the object of that statute is to furnish information to the other party of the loss of the instrument. Here, however, the affidavit would advise the defendants of no facts which they were not already apprised of.

We think the declaration unobjectionable on demurrer; and, therefore, the judgment is reversed, and the cause remanded.