BELL, use, &c. v. MOORE.

9   823
129   513

1. When a declaration on a note states its loss, it must, under the act of 1824, be accompanied with an affidavit that the statement of the loss is true; and the omission of the affidavit is available on demurrer to the declaration.

Error to the Circuit Court of Cherokee.

Assumpsit by Bell, suing for the use of Croach, as the assignee of a promissory note made by Moore, and payable to one Mangum, or order.    The declaration is in the usual form, except that after the *super se assumpsit* is this allegation : " Which said promissory note the said plaintiff has since lost, and to the loss of which said note, the said plaintiff did, on the 29th April, 1841, make oath in due form of law, in such case made and provided."    The writ was issued 8th November, 1841.

The defendant demurred—the court sustaining the demurrer, final judgment was given for the defendant.

This is now assigned as error.

A. J. WALKER, for the plaintiff in error, argued the plaintiff might have declared without stating the loss of the note. [Chitty on Bills, 294; Digest, 382, § 9; Chaudron v. Hunt, 3 Stewart, 31.] And therefore the allegation may be considered as mere surplusage.

MOORE, for the defendant, insisted that although the party was not compelled to declare on the note, as a lost instrument, yet when doing so he is bound to subjoin the affidavit required by the statute. [Dig. 333, § 112.]

GOLDTHWAITE, J.—It has been repeatedly held in this court, that the act of 1828, giving the courts of common law jurisdiction of suits on lost notes, (Dig. 382, § 9,) is merely an affirmance of the common law. [Chaudron v. Hunt, 3 Stewart, 31; Porter v. Nash, 1 Ala. Rep. N. S. 452.] It is true, if the party chooses to risk the consequences, he may declare in the ordinary mode, although the instrument is lost, but we apprehend if he will so declare he would be within the 8th rule of practice, providing for the production, upon notice, of any instrument declared on as the foundation of the action. [Dig. 610, § 8.] It is in this view that the act of 1824 bears on the declaration. That provides no *declaration*, plea, or replication, which sets forth or states any obligation, or instrument of writing, under which such party claims a benefit, and which is alledged to be lost, and not in the power of the party to produce said instrument, &c., in court, shall be received in any of the courts of this State, unless such party shall make oath of the truth of such statement, in his declaration, plea, or replication, as the case may be. [Dig. 333, § 112.] In Robinson v. Curry, 6 Ala. Rep. 842, we say, with reference to this statute, that its object is, to furnish information to the other party of the loss of the instrument; and we might have added, that it was enacted chiefly to prevent an abuse which then prevailed of pleading a lost release, which, by the Bar and Circuit Judges generally, was considered necessary to be denied by the plaintiff's oath. When taken in connection with the rule of practice, it seems to us, the statute renders it necessary the declaration should be accompanied by an affidavit of the fact, whenever

the loss is stated in it, because the effect of such statement must be to prevent the operation of the rule. When an affidavit is required to verify a plea, the omission is available on demurrer. [Martin v. Dortch, 1 Stewart, 479.] And the same rule must be extended to declarations under this statute. .

The result of what we have said is the affirmance of the judgment.