## ADAMS AND WIFE vs. ADAMS.

1. A promise by defendant, upon valuable consideration, to give his daughter, who was plaintiff's wife, " a full share of his property, which then and there was worth $25,000", is too indefinite and uncertain to support an action under the Code.

2. *It seems*, however, that a promise by a father, upon valuable consideration, to make his daughter equal in property to his other children, (or to give her so much as would make her share equal to a given portion of his estate ; as, one-fourth, one-fifth, &c.,) is sufficient to support an action, if the parties contemplated its present execution upon the performance of the consideration.

3. Such a contract, although its execution may be postponed by circumstances beyond a year and a day, and although the defendant's estate consists entirely of lands, is not within the statute of frauds.

4. When a contract admits of two constructions, one of which will destroy, and the other uphold it, the latter construction must prevail.

5. When no time is specified for the performance of a contract, the law requires that it shall be performed within a reasonable time.

6. When plaintiff below is appellant, and assigns for error the overruling of his demurrer to the plea, the judgment will be reversed, and the cause remanded, if the plea is bad, although the complaint also was demurrable.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. NAT. COOK.

THIS action (Spencer Adams and Wife v. John Adams) was commenced in March, 1853. The complaint was in these words :

" The plaintiffs claim of the defendant twenty-five thousand dollars, due from him by account of the 5th day of July, A. D. 1851, which sum of money, with interest thereon, is now due.

" And for that whereas, heretofore, to-wit, on the 1st day of July, 1847, there was a certain matter of controversy between said defendant and one Jane Candell, relative to the will and estate of Spencer Adams, Sr., deceased, the defendant promised plaintiff Spencer Adams, that, if he would make, or cause to be made, unto him, the said defendant, a good and lawful title to all the right, title, or interest, that the said Jane Candell, daughter of the said Spencer Adams, deceased, had or has to the north-west quarter of section thirty, and the west half of the south-west quarter of section thirty, in township fifteen, range eight,—being two hundred and forty acres ; and would also abandon, or cause to be abandoned, a certain suit in chancery in respect to said controversy, about to be brought against said defendant, (all of which said Spencer Adams then and there promised and undertook to do,) he, the said defendant, would give plaintiff Elizabeth Adams, who is said defendant's daughter, a full share of his property, which then and there was worth twenty-five thousand dollars ; and plaintiffs aver, that said Spencer Adams did, well and truly, perform what he had so undertaken and promised, but that said defendant, on his part, has utterly failed and refused to perform his said undertaking and promise ; to plaintiff's damage twenty-five thousand dollars."

The defendant pleaded, in short by consent, to the first count—

" 1. That he is not indebted as therein alleged, or in any other manner, to the said plaintiff.

" 2. The statute of limitations of three years, the first count being for an open account.

" 3. Payment of the account or demand therein alleged."

And to the second count he pleaded, in short by consent—

" 4. That he did not promise in manner and form as alleged," &c.

" 5. That the said estate of the said defendant, in the second count of the complaint mentioned, consists of lands and real estate ; and that defendant's promise, if any was made by him, as in the said second count alleged, was not in writing, signed

by the defendant, or by any one by him thereunto authorized.

"6. That defendant's said promise, as alleged in said second count, if any such promise was made, was not to be performed within one year from the time of the making thereof, and was not (and is not) in writing, signed by defendant, or by any one by him thereunto authorized.

"7. That said promise, if any such was made, was without consideration.

"8. That if any promise was made by defendant, as alleged in said second count, the consideration thereof was not, and has not been performed.

"9. The statute of limitations of six years.

"10. The general issue, to each count in the complaint."

The plaintiffs took issue on all these pleas, except the fifth and the sixth, to which they demurred, "because plaintiffs aver in their said count a performance of their said contract, as set out in said second count." The court overruled these demurrers, and the plaintiffs then replied to the fifth plea, "that heretofore, to-wit, on the day and year aforesaid, the said Spencer Adams, one of the plaintiffs, in pursuance of his promise, agreement, and undertaking with said defendant, as set forth in the said second count, did cause to be made to the said defendant a good and lawful title to all the right or interest that the said Jane Candell had or has to the said land described in said count, by deed duly executed by the said Jane and one Abner Candell, her husband, which said deed, plaintiffs aver, was received and accepted by said defendant, and that under said deed said defendant is now, and has been, in the quiet and peaceable possession and enjoyment of said lands; and plaintiffs aver, moreover, that said Spencer Adams did abandon the bringing of said suit in chancery, as set forth in said count, as he promised and undertook to do; and so plaintiffs aver, that said Spencer Adams hath fully done and performed all that he undertook and promised; and this they are ready to verify." To this replication the defendant demurred, "because said replication is, in substance, but a re-assertion of the allegations of the said second count, and no new issue is thereby raised; and because it is not a sufficient reply to said fifth plea." This demurrer was sustained, and the plaintiffs then took issue on the fifth plea.

On the trial, as the bill of exceptions states, "plaintiffs offered evidence tending to show that, some time in the year 1848, a conversation occurred between plaintiff and defendant, in which defendant stated to plaintiff, that if he (plaintiff) would abandon the bringing of a then contemplated chancery suit against defendant, in favor of his mother, and procure to be made to him good warranty titles to a tract of land, which had been before that time purchased by defendant, and for which he supposed his titles were not perfect, containing two hundred and forty acres; and (as some of the witnesses stated) would in future 'let him alone', or 'treat him properly', then he would make the wife of plaintiff, who was defendant's daughter, 'equal with his other children', or 'equal with his other heirs in his estate'; and that, in that case, her portion of the estate would be worth $15,000. There was no written evidence whatever of this agreement. Plaintiffs further offered proof, tending to show that he had complied on his part, by abandoning the bringing of the chancery suit, and getting a warranty deed to the land; but there was evidence, also, tending to show that plaintiff had not ceased to annoy and vex defendant. It was further in proof, that defendant's estate consisted of a large tract of land in Dallas county, and a large number of slaves, and other property.

"Under this proof, the court charged the jury, that, if defendant's estate consisted of land as well as personal property, then, under the pleadings in this case, plaintiffs could not recover in this action; to which charge plaintiffs excepted."

All the rulings of the court above set out are now assigned for error.

GEO. W. GAYLE, for the appellants:

1. The court below erred in overruling the demurrer to the fifth plea. That plea was intended as an answer to the second count of the declaration, which set out the special contract between the parties, and averred a full performance by the plaintiffs. As a plea, then, of confession and avoidance, it is not good, because, if plaintiffs performed, the statute of frauds cannot be pleaded.—Brock v. Cook, 3 Port. 464; Cumming's Heirs v. Gill's Heirs, 6 Ala. 562; Rake's Adm'r v. Pope, 7 ib. 161; Woodward v. Smith, ib. 112.

2. The same authorities show that the court erred, also, in overruling the demurrer to the sixth plea. This plea should have alleged, that the contract was not to have been performed in a year and a day.—Chitty on Contracts, p. 207.

3. There was error, also, in sustaining the demurrer to the replication to the fifth plea.—Authorities *supra*.

4. The charge of the court was erroneous; because, 1st, it is justly to be inferred from the contract that defendant's performance was to be in money, or property at a valuation, as he himself valued the interest of a child at $15,000; and, 2d, because issue was taken on the fifth plea, which alleged the whole estate to be in lands, while the proof showed that it consisted of lands and negroes: the plaintiffs' side of the issue was sustained, and they should have had a verdict.

J. H. CAMPBELL and J. W. LAPSLEY, *contra:*

The rules of pleading require that a demurrer shall be visited upon the first error that intervened in the pleadings, and therefore a demurrer to a plea goes to a defect in the declaration. The second count of the declaration in this case is fatally defective: it does not allege a valid cause of action. If it be conceded that a sufficient consideration to support a promise is alleged, still no sufficient promise is alleged. The promise alleged is, "to give Elizabeth Adams, daughter of defendant, and wife of plaintiff, a full share of his property, which was then and there worth $25,000." If this promise had been proved in the very terms in which it was alleged, how could the jury render a sensible verdict for the plaintiffs? What is meant by a "full share"? How many shares were there? When, and how, was the gift to be made? The proof, to make out a case for plaintiffs, must have gone beyond the allegations of the declaration. Though the Code dispenses with the formality of a common-law declaration, still the complaint must contain the substance of a common-law declaration—that is, it must state a complete and valid cause of action.—Erwin & Williams v. Erwin, at the last term.

But the fifth plea is good. It alleges that the promise related to lands and was not in writing. The promise, therefore, was void under the statute of frauds; and being abso-

lutely void, plaintiff's compliance could not make it binding. It is unnecessary to cite authorities to sustain this proposition.

The sixth plea, which alleges that the defendant's promise, as set out in the second count, was not to be performed within one year from the time of the making thereof, and was not in writing, is certainly good under the statute of frauds. Clay's Digest, p. 254, § 1 ; Code, § 1551.

The replication to the fifth plea is simply a re-assertion of the allegations of the complaint, that plaintiffs had performed their part of the agreement.   If defendant's promise was void, the plaintiffs could not give it validity by any act of theirs.

The charge of the court must be construed in connection with the evidence, which would have authorized the court to instruct the jury that plaintiffs could not recover at all.   The defendant's promise, as proved, was not binding on him ; and even if it had been reduced to writing, and signed, no action could be maintained upon it,—the promise proved being, to make his daughter "equal with the rest of his children", or equal with his other heirs."   The promise, at all events, was void as to the lands ; and a contract void in part, by the operation of the statute of frauds, is void *in toto*.—Loomis v. Newhall, 15 Pick. 159 ; Van Alstine v. Wimple, 5 Cowen's R. 162.   An agreement to procure another to convey land, not being in writing, is void.—Gray v. Patton, 2 B. Mon. 12 ; Henley v. Brown, 1 Stew. 144 ; Chitty on Contracts, p. 268, note 1.   The agreement of the plaintiffs, therefore, as well as that of defendant, is void, and leaves defendant's promise without consideration.

If there was error, the plaintiffs were not injured by it, and therefore this court will not reverse.   The whole record shows, that plaintiffs are not entitled to recover.

CHILTON, C. J.—The second count in the complaint avers, that, in consideration of the conveyance to the defendant of all title which Jane Candell had to a certain tract of land, and the abandonment of a contemplated suit in chancery by the plaintiff in relation to said land, the defendant promised and agreed to give the plaintiff, Elizabeth Adams, who is said defendant's daughter, " a full share of his property, which was then and there worth twenty-five thousand dol-

lars" ; that the plaintiffs did all they promised to do, and the defendant wholly failed to perform.

The defendant did not demur to this count, but filed several special pleas in answer thereto. By one of these (plea No. 5), the defendant says, that the estate of the defendant, in the second count mentioned, consisted entirely of lands and real estate, and that the promise of the defendant, if any was made, as in the second count is alleged, was not in writing, signed by the defendant, or by any other person thereunto lawfully authorized by him. To this plea the plaintiffs demurred, but the court overruled the demurrer.

The defendant, by his sixth plea to the second count, averred that the promise, if any was made, was not to be performed within a year and a day from the time of making it. To this there was also a demurrer, which the court overruled.

We think the second count of the declaration, or complaint, and both the above pleas, were bad—the count, because it sets forth an undertaking or contract, too uncertain as to the part to be performed by the defendant, to be executed by the court, or compensated for in damages. The defendant was to give to Mrs. Adams, his daughter, "a full share of his property, which then and there was worth twenty-five thousand dollars." Was the share, or the whole property, worth twenty-five thousand dollars? How was the "full share" to be ascertained? It is not averred that the defendant agreed to give her as much as he had severally given his other children ; or that she should be entitled to share in his entire estate in the proportion which one child bore to the whole number of children ; setting out the amounts severally given to the other children, or the number of children and value of the entire estate, so as to furnish the *data* for ascertaining the damages. The count, furnishing no means of ascertaining the full share, is as indefinite as if the defendant had agreed to pay "a sum of money", without mentioning any amount. The Code does not dispense with stating a substantial cause of action, in such manner as that, *prima facie*, the court shall be competent to give judgment for its breach. If the plaintiff sets out a special contract, which is so uncertain as to be incapable of being enforced, it is void, and his declaration or

Adams and Wife v. Adams.

complaint would be liable to demurrer, equally under the Code as before its adoption.

We do not desire, however, to be understood as deciding that a good count may not be framed under the contract as brought to view in the bill of exceptions. If the father, for a valuable consideration, agreed to make his daughter equal in property to his other children,—agreed to give her as much as he had given to his other children severally, or agreed to give her so much as would make her share equal to a given portion of his estate, (one-fourth, fifth, or whatever it might be,) we see no reason why such contract cannot be enforced, if, in the contemplation of the parties, they looked to the execution of it presently upon the execution of that part of the contract to be performed by the plaintiff as the consideration of the defendant's undertaking. Nor would it avail the defendant, that the contract was verbal merely; for, although his estate may be partly (or even entirely) composed of land, yet he may make the plaintiff equal with his other children by paying her a sum of money equivalent to the value of the property or money severally given to his other children. It is clearly, therefore, not a contract for the sale of land within the meaning of the statute of frauds. The rule is, that where a contract admits of two interpretations, one of which would destroy, and the other uphold, it must be so construed as that it shall avail; for the parties intended that it should have some operation.

But it is supposed that the contract would be obnoxious to another section of the statute of frauds and perjuries—to-wit, that it was not to be performed within a year and a day. To this we reply, *non constat*:—no time is given for its performance; and the law, in such cases, requires that it should be performed within a reasonable time.

In Wells v. Horton, ex'r &c., 4 Bing. R. 40, (S. C. 13 Eng. C. L. Rep. 332,) A, being indebted to plaintiff, promised him (the plaintiff) that in consideration of his forbearing to sue, A's executor should pay him ten thousand pounds; it was held, that this was not a promise required by the statute of frauds to be in writing. Best, C. J., said, the plain meaning of the statute is confined to contracts, which by agreement are not to be carried into execution within a year, and does not

extend to such as may, by circumstances, be postponed beyond that period : otherwise, there is no contract which might not fall within that period.—See Petre v. Compton, Skin. R. 353 ; Fenton v. Emblers, 3 Burr. 1278 ; Miles v. Bough, 3 Ad. & Ellis, N. S. 845 ; (S. C. 43 Eng. C. L. Rep. 1001–1010) ; Rake's Adm'r v. Pope, 7 Ala. 161.

It is argued, that the count being bad, although the pleas were bad, we should not reverse, because the court below should have visited the demurrers upon the count. Concede that the court, *mero motu*, should have done so ; yet it did not do it. If the demurrer had been sustained, and visited upon the count, the plaintiff could have amended, perhaps so as to have made his pleading good ; but he would be deprived of this privilege, if we refuse to reverse upon the ground that the count was demurrable. The plaintiff cannot thus be deprived of the benefit of a judgment *respondeas ouster*.—Marshall v. Betner, 17 Ala. 832.

Judgment reversed, and cause remanded.