## YOUNG vs. DAVIS.

[TROVER AGAINST SHERIFF FOR CONVERSION OF BALES OF COTTON.]

1. *Plea of justification by sheriff.*—Where a sheriff justifies, in trover for the conversion of certain bales of cotton, under an attachment and order of sale therein issued, an averment in these words, "of which proceedings under said order of sale said defendant made due return to said court, according to the mandate thereof," is not a sufficient allegation of the return of the attachment or order of sale.

2. *Authority of justice to order sale of perishable property in attachment case.*—A justice of the peace, who has issued an attachment returnable to a court in his county, which has been levied by the sheriff of another county on perishable property, has authority (Clay's Digest, 56, § 8) to make an order for the sale of such property.

3. *Proviso to statute of limitations as to commencement of new action.*—The provision in the statute of limitations, respecting the commencement of a new action, (Session Acts 1849-50, p. 79,) does not require that the same form of action should be adopted, provided the cause of action be the same.

4. *Erroneous overruling of demurrer to plea.*—The overruling of a demurrer to a bad plea is an error for which the judgment will be reversed, at the plaintiff's instance, although the complaint also is demurrable.

APPEAL from the Circuit Court of Pickens.

The record does not show the name of the presiding judge.

THIS action was brought by Joshua W. Young against William H. Davis, to recover damages for the defendant's conversion of thirty-six bales of cotton. The defendant pleaded four pleas, the second of which was the statute of limitations of six years, and the fourth was as follows :

"4. *Actio non,* because he says that, on the 30th day of November, 1844, one Jesse Garrett sued out from the office of one C. S. Williams, then a duly commissioned and acting justice of the peace of Tuskaloosa county in this State, a writ of attachment against one Adelaide Kidd, directed to any sheriff of the State of Alabama, and returnable to the county court of Tuskaloosa county, to be held on the — Monday in December then next; which writ of attachment was delivered into the hands of said defendant, who was then sheriff of Pickens county in said. State, on the 2d day of December, 1844, to be levied and executed according to law. And defendant further says, that on the 3d day of December, 1844, he, as such sheriff, and within said county, levied said attachment upon said cotton in plaintiff's declaration mentioned, the same then being in said county of Pickens, as the property of said Adelaide Kidd, and then and there took the same into his possession, as such sheriff, by virtue of said levy, the said cotton being then and there liable to be so levied on. And said defendant further says, that on the 16th day of said December, said C. S. Williams, being still a justice of the peace as aforesaid, issuing an order in due form of law, reciting therein that it having been certified to him, on oath, that said cotton, so attached and levied upon as the property of said Adelaide Kidd, was likely to waste or be destroyed by keeping, and that he, the said justice, had therefore ordered the same to be sold, and commanding the sheriff of said Pickens county to sell the same at public vendue, after having first advertised the sale at the court house and two other public places in his county, at least fifteen days previously, if the same should not be replevied according to law, and to return the proceedings to said county court of Tuskaloosa; which said order of sale, on the day and year last aforesaid, was delivered into the hands of said defendant, then sheriff of said county of Pickens, to be executed according to the command thereof; and said defendant avers, that said cotton not having been replevied, and still remaining in his possession under the levy aforesaid, he, as sheriff aforesaid, in pursuance of said order of sale, advertised said cotton

for sale at public vendue, by advertisements posted up fifteen days previously to the sale at the court house and two other public places in said Pickens county, and, in pursuance of said order and the advertisements made in conformity therewith, sold said cotton at public vendue, on the 1st day of February, 1845, to the highest bidder, for the price of four cents per pound, and received as the proceeds of the sale the sum of $591,04, and then and there delivered said cotton to the purchaser; of which proceedings under said order of sale, he, the said defendant, made due return to said county court of Tuskaloosa county, according to the command thereof. And said defendant in fact says, that the sale of said cotton as aforesaid, under the order of sale aforesaid, is the conversion complained of in said plaintiff's declaration; and that he, the said defendant, is not otherwise guilty of the conversion of said cotton; and that the cotton mentioned in plaintiff's declaration is the same cotton taken and sold as aforesaid, and not other or different. And this said defendant is ready to verify," &c.

The plaintiff replied to the second plea, that on the 12th March, 1845, and within six years from the accrual of his said cause of action, he sued out a writ in trespass *vi et armis* against said defendant, founded on the identical cause of action now here prosecuted; that at the fall term, 1850, of said circuit court, he recovered a judgment against defendant in that action, which was carried by the defendant, by writ of error, to the supreme court, where said judgment was reversed; and that this action was commenced within twelve months after said reversal.

To the fourth plea he demurred, on the following grounds: 1st, "that said plea is insufficient, in failing to present a sufficient defense to this action, and a full defense to the allegations of the declaration;" 2d, "that said plea is insufficient, because it does not aver that said cotton was the property of said Adelaide Kidd, the defendant in attachment;" 3d, "that the matters and averments of said plea are insufficient to bar the recovery sought in this action."

The defendant demurred to the replication to the second plea. The court overruled the plaintiff's demurrer to the fourth plea, and sustained the defendant's demurrer to the replication to the second plea; and these rulings are now assigned as' error.

A. B. CLITHERALL, for the appellant.—1. The replication to the second plea was good.—Stillington v. Allison, 2 Hawks, 347; Givens & Co. v. Robbins, Painter & Co., 11 Ala. 156; Roland v. Logan, 18 Ala. 314; Angell on Limitations, § 324; 16 Pick. 383; 7 J. J. Mar. 392; 4 Rich. 42.

2. The fourth plea is bad, and the demurrer to it ought to have been sustained. In the first place, the plea does not allege that the cotton was the property of Adelaide Kidd, but only that it was liable to be levied on: *non constat* that it was liable to be sold. Mrs. Kidd's interest before the law-day could be levied on, and sold before the law-day, but not after. In the next place, the order of sale, being issued by a justice of the peace, was a nullity. Clay's Digest, 56, § 8. The plea is defective, also, because it does not aver the return of the attachment, nor show any legal excuse for the failure to return it.—Kirksey v. Dubose, 19 Ala. 43; McAden v. Gibson, 5 Ala. 343. It should have averred, also, that the defendant paid over the proceeds of sale.—Kirby v. Caldwell, 26 Miss. 107.

3. No objection having been made to the declaration in the court below, it cannot now be insisted, in order to prevent a reversal, that the demurrer to the fourth plea ought to have been visited on the declaration.—Adams and Wife v. Adams, 26 Ala. 272; Clarke v. West, 5 Ala. 117; 7 Ala. 42; 28 Ala. 681; 2 Texas R. 558–67.

TURNER REAVIS, *contra.*—1. If the fourth plea be good, or the replication to the second plea bad, the judgment will not be reversed, since the appellant refused either to reply to or take issue upon the fourth plea, and to answer further to the second plea.—Puckett v. Pope, 3 Ala. 552; Firemen's Ins. Co. v. Cochran, 27 Ala. 228; Jesse v. Cater, 28 Ala. 475.

2. The fourth plea presents a good bar to the action. The presumption of law is, that if the cotton was liable to levy as the property of Adelaide Kidd, it was also subject to be sold as hers. If it was not, the plaintiff should have replied, showing that the leviable interest had ceased to exist.—Roland v. Logan, 18 Ala. 307; Puckett v. Pope, 3 Ala. 555. It is wholly immaterial, in this point of view, whether the justice was authorized to make the order of sale or not. The allegations of the plea, in that respect, may be rejected as mere surplusage, and the plea still remain good. The justice, however, was authorized to make the order by the very terms of the statute.— Clay's Digest, 56, § 8. The order of sale, therefore, protected the sheriff, whether the cotton was subject to sale or not.—1 Chitty's Pleadings, m. p. 182. But if it did not, and the property was subject to sale, what is it to the plaintiff, who is not the defendant in attachment, whether it was illegally sold or not? What is it to him whether the attachment was returned or not? In the cases of McAden v. Gibson and Kirksey v. Dubose, cited for appellant, the plaintiff was the defendant in the process. There is certainly no reason, why one who is shown to have no interest in the attachment, or in the property on which it was levied, can complain of the failure to return either the attachment or the proceeds of sale. However this may be, the plea contains a sufficient averment of the return of the proceedings had on the order of sale; and if the order was valid, that is a sufficient defense, without regard to the levy itself.

3. The replication to the second plea is bad. It is constructed in reference to the act of 1850, (Session Acts 1849–50, p. 79,) which impliedly repeals the former statute, and only authorizes a renewal of the *same* action.

4. But, if the replication be good, the demurrer to it should have been visited on the declaration, which shows on its face that the action is barred by the statute of limitations.—Coles v. Kelsey, 2 Texas, 541, and cases there cited; Nimmo v. Stewart, 21 Ala. 682.

5. The demurrer to the fourth plea did not assign the

grounds here taken, as to the failure to return the attachment and proceeds of sale. These objections, therefore, must be considered waived.

WALKER, J.—The fourth plea does not deny the plaintiff's title. It avers that, at the time and place when and where the property was taken into possession, it was liable to be levied on as the property of the defendant in attachment. A traverse of the plaintiff's right of action is not necessarily involved in the assertion that the property was liable to levy. The property may have been liable to levy, and yet the plaintiff's title may have been good, except as to creditors and purchasers without notice, asserting a fraud in a conveyance by the defendant in attachment to the plaintiff. The plea is therefore not good, unless it alleges the facts which constitute a justification of him as sheriff. Under our decisions, the plea of justification under mesne process is not made out, even against another person than the defendant in attachment, unless a return of the process by virtue of which the act was done is averred.—Kirksey v. Dubose, 19 Ala. 43 ; McAden v. Gibson, 5 Ala. 343. The levy was made by virtue of an attachment, and the sale by virtue of an order of sale issued by a justice of the peace. The only averment of any return by the defendant is in the following words : "Of which proceedings under said order of sale, he, the said defendant, made due return to said county court of Tuskaloosa county, according to the mandate thereof." This is not an allegation, nor equivalent to an allegation of the return of the attachment or order of sale. Whether an averment of the return of the attachment was necessary, it is not required that we should decide, because it does not appear that either the attachment or order of sale was returned. For the reasons which we have stated above, the demurrer ought to have been sustained to the fourth plea.

It is proper that we should go on and consider another objection to the plea. It was urged by the appellant's counsel, that the order of sale, as described in the fourth plea, was void, because the justice of the peace who issued

the order of sale, had no authority to do it. The plea shows, that an attachment was issued by a justice of Tuskaloosa county; that it was placed in the hands of the sheriff of Pickens county, and by him levied; and that after the levy, the same justice of the peace who issued the attachment, issued the order of sale, upon a sworn representation that the property attached was likely to waste or be destroyed by keeping. Upon these facts, alleged in the plea, the question arises, can a justice of the peace of Tuskaloosa county issue an order to the sheriff of Pickens county, to sell property levied on by him by virtue of an attachment issued by the same justice of the peace, returnable to the county court of Tuskaloosa county? The act confers the authority to issue the order of sale on "any judge or justice of the peace."—Clay's Digest, 56, § 8. The explicit language of this statute permits no escape from the conclusion, that some justice had the power to issue the order. It must be either a justice of Tuskaloosa county, to the court of which the order is required to be returned, or of Pickens county, where the order is to be executed, who had the authority in this case. The authority of a justice to issue an attachment is strictly analogous to the authority to issue an order of sale. This court held, in Caldwell v. Meador, 4 Ala. 755, and afterwards in two other cases, that the authority to issue an attachment pertains alone to the justice of the county in which the attachment is returnable. Following the analogy of those cases, we decide that the order of sale, described in the fourth plea, was properly issued by the justice of the county of Tuskaloosa, to the county court of which it was by statute returnable.—See Clay's Digest, 56, § 8; Brooks & Lucas v. Godwin, 8 Ala. 296; Dew v. Bank of the State, 9 Ala. 323.

The second plea set up the statute of limitations of six years; and the plaintiff replied, that for the same cause of action, he sued in trespass within the six years, and recovered judgment, which was reversed in the supreme court, and that this suit was brought within twelve months afterwards. It is contended that the statute permits the renewal within twelve months after reversal of

the action only in the same form, and that the plaintiff could sue in no other form of action than trespass, that being the one originally adopted, so as to avoid the statute. The act of 12th February, 1850, (Pamphlet Acts of 1849–50, p. 79,) provides, that after a reversal of a judgment recovered in one suit, if the plaintiff "shall renew the said suit" within one year from the reversal, "the plea of the statute of limitations shall not be available in bar, so long as the plaintiff's right to a recovery is asserted by recommencing *such suit*." We understand the legislature to have intended by this statute to give a right, freed from the bar of the statute of limitations, to bring another suit for the same cause of action, and not to restrict him to the same form of action. The legislature clearly does not mean, by permitting the party to recommence the same suit, to confine him to the same form of action. Such a construction of the statute would exclude from its beneficial operation the class of cases where the plaintiff's judgment had been reversed on account of a mistake of the form of action, while there is no other class of cases to which it can be more appropriately applied.

The defendant below, being the appellee in this court, seeks to avoid a reversal of the judgment obtained by him, upon the ground that the declaration is defective, and that the demurrer to the plea ought to have been visited upon the declaration. It appears from the record, that no such question was raised in the court below, and the defendant will not be permitted to raise it for the first time in this court. The practice upon this point is settled upon reasoning altogether satisfactory.—Adams and Wife v. Adams, 26 Ala. 272; Kent v. Long, 8 Ala. 44. If the objection urged against the declaration be a good one, it may be avoided by amendment, and will therefore not probably again arise. For that reason, it is not necessary for us to pass upon it.

The judgment of the court below is reversed, and the cause remanded.