## LITTLE vs. FITTS.

[TRIAL OF RIGHT OF PROPERTY IN SLAVE.]

1. *Appellate jurisdiction of circuit court.*—The circuit court has no jurisdiction of a case brought up by appeal from a justice's court, on a trial of the right of property in a slave, under an execution issued by a justice in a different county, and levied by a constable, when it does not appear that any judgment was ever rendered in the case by the justice, and the appeal purports to have been taken from the judgment of the jury.

2. *Jurisdiction not conferred by consent.*—Where the court has no jurisdiction of the subject-matter and case, no waiver or consent of the parties can confer jurisdiction.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. NAT. COOK.

IN this case, an execution was issued by a justice of the peace of Tuskaloosa county, on a judgment rendered by another justice of said county, in favor of one John Little, against F. H. Ripley; and was levied by a constable of Mobile county on a slave, as the property of said Ripley. A claim was interposed to the slave by one John Fitts, before R. F. Butt, a justice of the peace of Mobile county, and a bond given for the forthcoming of the slave, "at the court-house in Mobile, on the 14th February, 1855, at 10 o'clock, A. M." Said Butt issued a *venire*

*facias* for the summoning of a jury of seven householders to try the right of property in the slave, returnable on the 7th April, 1855. A trial of the right of property was had, and the jury returned a verdict for the claimant; but this fact only appeared from the verdict endorsed on the execution by the foreman. The plaintiff in execution then removed the case, by appeal, to the circuit court; describing the judgment in the appeal bond as "a judgment rendered on the 7th April, 1855, by a jury of seven men, on a trial of the right of property in a slave named Bob, before R. F. Butt, Esq., a justice of the peace for said county, in favor of the said John Fitts, for $45 65 debt, besides costs of suit." The claimant entered an appearance in the circuit court at the first term, and had the case continued. At the next term a *certiorari* to the justice was awarded on motion of the plaintiff, and at the next an *alias certiorari*, commanding him to send up a complete record showing the judgment which he had rendered in the cause. In answer to the *alias certiorari*, Wm. H. Hunter, the successor in office of said Butt, returned that said Butt had left the State without delivering his docket to his successor; that said docket had been demanded of the sureties of said Butt on his official bond, and diligent search had been made for it, but without success. The claimant then moved the court to dismiss the cause, "on the ground that the papers on file show no jurisdiction in the court;" and the court sustained the motion. The plaintiff reserved an exception to this action of the court, and he now assigns it as error.

W. C. EASTON, for the appellant.

WM. G. JONES, *contra.*

RICE, C. J.—The only question here is, whether the circuit court of Mobile had jurisdiction of the case. The execution was issued in December, 1854, by a justice of the peace of Tuskaloosa county, under a judgment rendered in that county in 1848, and was levied upon a slave by a constable in Mobile county. A claim to the slave was interposed, and thereupon a trial of the right of

property was had by a jury before a justice of the peace of Mobile county. The jury found the property not subject; but no judgment whatever appears to have been rendered by the justice before whom the trial of the right of property was had. The plaintiff in execution appealed, not from any judgment of the justice, for there was none; but from "*a judgment of seven men* on trial of right of property for one slave Bob, before R. F. Butt, Esq., a justice of the peace for said county" of Mobile, &c.

Upon these facts, we think the circuit court of Mobile had no jurisdiction. Its jurisdiction in trials of the right of property is derived from the statute. We do not know of any statute which gives it jurisdiction of a trial of the right of property, when the levy is made by *a constable*, and under an execution issued by a justice in a different county from that in which the levy was made, and when there is no appeal from *the judgment of a justice*. There are trials of the right of property in which, by appeal from the judgment of a justice, the circuit court of Mobile has jurisdiction, although the levy may have been made by a *constable.*—Code, §§ 2833–2837, 2811, 2368. But this is not one of them.—Code, §§ 2804, 2805; Gunn v. Howell, 27 Ala. 663; Caldwell v. Meador, 4 Ala. 755; Dew v. The Bank of the State, 9 Ala. 323.

[2.] Section 2368 of the Code applies only to "appeals and writs of *certiorari* from judgments *of justices of the peace;*" and therefore does not touch this case. In some cases of appeal from a *judgment of a justice* to the circuit court, the question arises as to what defects had been waived by the course of the appellee in the circuit court. See Vaughn v. Robinson, 20 Ala. 229. But no such question arises here; for no waiver or consent of the claimant, appearing in this record, can give the circuit court jurisdiction of the subject-matter and case.—Crabtree v. Cliatt, 22 Ala. 181.

The result attained by the circuit court was authorized by law. And for the reasons given in this opinion, the judgment of that court is affirmed.