# Farley, Spear & Co. *v.* Whitehead.

## *Statutory Action in Nature of Ejectment.*

1. *Error without injury in rulings against plaintiff.*—When the record shows, affirmatively and clearly, that the plaintiff never can recover in the action, this court will not reverse at his instance, on account of any erroneous rulings adverse to him, since they can work no injury; but this rule will not be applied, when the bill of exceptions does not purport to set out all the evidence, although the plaintiff's evidence, as therein set out, is indefinite and insufficient,

2. *What title will support action.*—An equitable title will not support ejectment, nor the corresponding statutory action: the plaintiff can not recover on proof of a purchase at a sale made by an assignee in bankruptcy, not followed by a conveyance; nor as the assignee of a mortgage, without showing a deed from the mortgagee, either indorsed on the mortgage, or by a separate instrument.

3. *Homestead exemption of bankrupt.*—Since the title to the exempt property of a bankrupt does not vest in his assignee (Rev. Stat. U. S. § 5045), it would seem that he is not entitled to a conveyance of his homestead by the assignee.

4. *Same ; admissibility of record or judgment as evidence against third person.* In ejectment by a purchaser at a sale made in bankruptcy, to recover lands which the bankrupt claims as his homestead exemption, an order of the bankrupt court, rendered after the commencement of the suit, *nunc pro tunc* (but not stating of what time), on the *ex parte* petition of the bankrupt; which recites that 'it appears to the court that a homestead exemption was regularly set aside and assigned to the said bankrupt, but there is no record evidence to protect his title', and therefore orders the assignee of his estate to "execute to said bankrupt a conveyance, *nunc pro tunc*, of the fol-

[Farley, Spear & Co. v. Whitehead.]

lowing real estate, as his homestead exemption,"—is not admissible evidence against the plaintiff, when offered without the petition, the action of the court assigning the homestead, or other judicial proceeding had in connection with it.

5.   *Homestead exemption under constitution; where lands are worth more than $2,000.*—The constitution of 1868, like the present constitution, without the aid of statutory provisions, exempted a homestead not exceeding $2,000 in value; but, if the homestead, when reduced to its lowest practicable area, exceeded that value, no part of it was exempted, and the whole might be aliened by the husband by any ordinary mortgage or other conveyance.

APPEAL from the Circuit Court of Butler.

Tried before the Hon. JOHN K. HENRY.

This action was brought by Farley, Spear & Co., suing as a partnership, against James M. Whitehead, to recover "ten acres of land in the city of Greenville, known as the homestead of John M. Sutherlin, and lately occupied by him;" and was commenced on the 7th March, 1876. J. M. Sutherlin, "on his own motion, was admitted to defend as the warrantor of said Whitehead," and pleaded not guilty; and issue was joined on this plea. The plaintiffs claimed under a mortgage executed by said Sutherlin to D. C. Taylor, which was assigned to the plaintiffs, and also under a purchase by them at a sale made by John F. Bailey, as the assignee in bankruptcy of said Sutherlin's estate; while the defendant held and claimed the premises as the homestead exemption of said Sutherlin. "On the trial," as the bill of exceptions states, "the plaintiff offered in evidence the following mortgage, together with the transfer, or assignment thereof, to Farley, *Smith* & Co. It was admitted that J. T. McDonald had a regular power of attorney from D. C. Taylor to make the assignment, and that he did make the transfer attached to the mortgage, and sign his name to the same. The defendant objected to the admission of such transfer as evidence, because there was no attesting witness to McDonald's signature, and no acknowledgment before an officer; but his objection was overruled by the court." The transfer, or assignment of the mortgage, is no where set out in the transcript. The mortgage was executed by said J. M. Sutherlin to D. C. Taylor; purported to be given to secure the payment of a promissory note for $10,000, borrowed money, of even date with the mortgage, and payable ninety days after date; was dated the 23d February, 1871; conveyed the premises here sued for, with an adjoining tract of land, containing in all two hundred acres, with several horses and mules, household furniture, &c.; and contained a power of sale on default. It was signed by said J. M. Sutherlin alone, duly attested by two witnesses, and admitted to record, on

the 4th March, 1871, on proof by one of the subscribing witnesses.

The plaintiffs then offered in evidence a transcript from the District Court of the United States at Montgomery, showing—1st, a petition filed by John F. Bailey and William Miller, as the assignees in bankruptcy of said Sutherlin, asking the sale of the lands now in controversy, subject to the mortgage to Farley, Smith & Co., and of other lands belonging to said bankrupt; 2d, an order made by Lawrence Worrall, as register in bankruptcy, directing subpœnas to be issued and served on Farley, Smith & Co. and other parties interested, notifying them of the filing of said petition, and requiring them to appear and answer, &c.; 3d, an order (or decree) of said District Court, sitting in bankruptcy, directing a sale of the lands by the assignees, as prayed in the petition; 4th, the report of the sale by the assignees, stating that Farley, Smith & Co. had become the purchasers of the lands; 5th, an order (or decree) of the court, confirming the report of the sale, and directing the assignees to execute a conveyance to the purchaser. The petition of the assignees was filed on the 14th June, 1872; the order of sale was granted on the 31st January, 1873; the report of the sale was made on the 7th December, and confirmed on the 8th December, 1875; but the day on which the sale was made is not stated. "The defendants objected to said transcript, that it showed on its face that it was not a complete transcript, and that defendants were not parties to said proceeding, and that it did not show any title in plaintiffs." The court overruled the objections, and admitted the transcript; but it does not appear that any exception was reserved to its admission.

"They then offered the defendant Whitehead as a witness, who testified that the property sued for is a part of the property described in the said mortgage to D. C. Taylor; that he (witness) is in possession of the same, having purchased the same from said Sutherlin in the early part of the year 1874; that said Sutherlin was in possession, and residing with his family upon the same, prior to that time, from about 1869, continuously up to the time of his sale to witness; that the value of the property, at the time of the commencement of the suit, was about $2,500, and that it was worth from $3,000 to $4,000 at the time of the execution of the mortgage to Taylor. Witness stated, on cross-examination, that Sutherlin told him, at the time he sold to witness, that this property was exempt as a homestead." The plaintiffs objected to this last statement by the witness, and reserved an exception to the overruling of their objection. "Several witnesses

were examined, as to the value of the property at the commencement of the suit; some of them putting it as high as $2,500, and some as low as $1,600."

The defendants then offered in evidence a transcript, duly certified by the clerk under his official seal, in the following words: "In United States Court, Middle District of Alabama. In bankruptcy. *Ex parte* J. M. Sutherlin, bankrupt. Upon the hearing of the petition in this cause, it appears to the court that the facts set forth in the petition are true; and it further appearing that a homestead exemption was regularly set aside and assigned to the said bankrupt, but that there is no record evidence of any conveyance therefor to protect the legal title; it is therefore ordered by the court, that J. F. Bailey, assignee of said bankrupt's estate, execute to said J. M. Sutherlin, bankrupt, a conveyance *nunc pro tunc* of the following real estate, as a homestead exemption," describing it, "which was heretofore assigned and set apart to him." (This decree was signed by the presiding judge of said court, and dated the 5th June, 1876.) "The plaintiffs objected to the introduction of this paper, on the ground that it did not show at what time the exemption was allowed; and on the further ground, that the court had no authority to make such an order, so as to affect the rights of the plaintiffs, which had vested prior to the making of said order. The court overruled their objections, and the plaintiffs excepted." The defendants then offered in evidence Sutherlin's deed to Whitehead for the premises, which was dated the 19th May, 1874, and a mortgage executed by Whitehead to Sutherlin, of even date with the deed, which was given to secure the payment of $2,000, the alleged purchase-money; and the court admitted them, against the plaintiffs' objection on the ground of irrelevancy; to which rulings plaintiffs excepted.

"The court charged the jury, among other things, that the plaintiffs must recover, if at all, on the strength of their own title, and the burden of establishing the averments of their complaint rests on them; that the mortgage from Sutherlin to D. C. Taylor, which they have introduced, and which had been transferred to them, with proof of non-payment of the mortgage debt, and the defendants' possession of the lands, establishes the plaintiffs' *prima facie* right to recover in this action, and entitles them to a verdict, unless the other evidence in the case defeats this right. But, if they find, from the evidence, that Sutherlin was a married man when he executed said mortgage to Taylor, and lived with his wife in the house and on the lands sued for at the time said mortgage was executed, and that they were then, and had been

for several years, occupying and claiming the same as their homestead, and neither owned nor occupied any other house as such in said county, or elsewhere; then the said mortgage, not having been signed and executed by said Sutherlin's wife, as required by law, or otherwise, was wholly invalid as to the homestead, and conveyed to Taylor no title to said homestead, although valid as to the other property named therein; and it makes no difference, as to this point, whether Sutherlin had, prior to that time, made written claim to said homestead or not.

"The court charged the jury, also, that the transcript of the proceedings of the bankrupt court, offered in evidence by the plaintiffs, together with the facts that the deed to plaintiffs had been made to them by the assignees, but not delivered to them, established their *prima facie* right to recover the lands mentioned in their complaint; but that the transcript (or record) from said bankrupt court, offered in evidence by the defendants, declares that the property here sued for 'was regularly set aside and assigned to said J. M. Sutherlin as his homestead,' by the same court which ordered the sale of the lands; and this authorizes the presumption that the homestead was set aside and assigned before the order of sale; for it could not have been 'regularly' after the order of sale, without first setting aside the order assigning the homestead to Sutherlin, and there was no evidence from the record of any such action by the court. And although the order of sale may have included the said homestead here sued for, and although it may have been *dated* (?) with other lands at the sale, and purchased by plaintiffs, and the sale was regularly reported and confirmed, and the assignees ordered to make a deed, and the deed was actually made; yet these facts would pass no title to the purchasers, as against the defendants, who claim under Sutherlin, if said property had actually been set aside and assigned to said Sutherlin as a homestead by the bankrupt court, before any proceedings were had by the said court for the sale of said lands, unless the said order setting aside the homestead had been revoked or set aside. And if the lands sued for were in fact set apart to Sutherlin, as a homestead, by the said bankrupt court, before any proceedings were had in said court for the sale of the same, and said action of the court remained unrevoked in any way; these facts would not only defeat plaintiffs' right to recover under the proceedings and sale in bankruptcy, but also under Sutherlin's mortgage to Taylor."

The plaintiffs excepted to each of these charges, and requested the following charges, which were in writing: 1. "If

the property in controversy, at the time of the execution of the mortgage by Sutherlin to Taylor, exceeded in value the sum of $2,000, then the mortgage was valid, and passed the legal title to Taylor." 2. "The burden of proving that. the property was claimed as exempt is upon the defendant; and when he affirms that the mortgage to Taylor is void, because it included the homestead, it is for him to show that the property was exempt at the time of the execution of said mortgage, and that it did not exceed $2,000 in value." 3. "If the whole evidence shows that the property sued for was worth more than $2,000 at the commencement of the suit; or, if the weight of the evidence fails to show that it was not worth more than that sum at that time; then it would not be exempt, unless it had been so adjudicated by the bankrupt court before the bankrupt sale." 4. "That Sutherlin, being a non-resident, cannot insist on the exemption laws in a suit in this State." The court refused each of these charges, and the plaintiffs excepted to their refusal.

The charges given by the court, the refusal of the charges asked, and the several rulings of the court on the evidence to which exceptions were reserved, are now assigned as error.

WATTS & SONS, for appellants.—The lot sued for is situated within the corporate limits of Greenville. Its value, at the time the mortgage to Taylor was executed, was from $3,500 to $4,000; and as to its value at the commencement of the suit, whether over or under $2,000, the evidence was conflicting. Under these facts, a homestead can not be claimed in the premises.—*Miller v. Marx*, 55 Ala. 322; *Weber v. Short*, 55 Ala. 311. The general rule is, that a conveyance is either valid or void at the time of its execution, and it can not be rendered void by any event subsequently occurring; and this rule applies to a mortgage of the homestead: if valid at the time of its execution, the subsequent depreciation in the value of the property cannot invalidate it.—*Watts v. Burnett*, 56 Ala. 340. The rights of the plaintiffs in this suit, under the mortgage, and under their purchase at the sale by the assignee in bankruptcy, cannot be affected by the order or decree rendered by the bankrupt court on the application of the bankrupt. That was an *ex parte* proceeding, of which they had no notice, and which could not affect the rights already vested in them. It was, moreover, rendered after the commencement of this suit; and though rendered *nunc pro tunc*, the time to which it was intended to relate is not shown. It is but a fragmentary or partial transcript; and if its recitals are true, better evidence exists of the homestead right. As against these plaintiffs, that decree

[Farley, Spear & Co. v. Whitehead.]

is void.—Freeman on Judgment, §§ 72-74; *Binford v. Daniels*, 13 Ala. 667; *Hudson v. Hudson*, 20 Ala. 364; *Chighizola v. Le Baron*, 24 Ala. 237; *Summersett v. Summersett*, 40 Ala. 596.

HERBERT & BUELL, *contra.*—In this action, the plaintiffs can only recover on proof of a legal title in themselves; and failing to show such title, or prior possession in themselves, they cannot attack the defendant's title.—*Brock v. Younge*, 4 Ala. 584. They cannot recover under their purchase at the sale by the assignee in bankruptcy, because they showed no deed from the assignee.—*Bonner v. Greenlee*, 6 Ala. 411; *Lightfoot v. Lewis*, 1 Ala. 475. They cannot recover under the mortgage, because the assignment is not shown to have been by proper words of conveyance; and if it was in proper form, the assignment was neither attested nor acknowledged. Rev. Code, §§ 1535-36; *Graham & Rogers v. Newman*, 21 Ala. 497. Having shown no title in themselves, any erroneous rulings against plaintiffs worked no injury, and are no cause for a reversal.—See cases collected in 1 Brickell's Digest, 780, § 97. But no error is shown in any of the rulings complained of. The objections to the transcript were not well taken. The jurisdiction and authority of the court to make the order cannot be doubted; and it was not necessary to show the time when the exemption was allowed, as an ingredient of the judgment *nunc pro tunc.* All courts may amend their records *nunc pro tunc*, so as to make them speak the truth; and it is not necessary to give notice to the adverse party, nor to set out the evidence on which the amendment was allowed.—*Allen v. Bradford*, 3 Ala. 281; *Farmer v. Wilson*, 34 Ala. 75; *Price v. Gillespie*, 28 Ala. 279; 1 Brickell's Digest, 72, § 18.

STONE, J.—This was a statutory action of ejectment, to recover possession of lands, in which the verdict and judgment were for the defendant. It is contended for appellee, that as the plaintiffs must recover on the strength of their own title, and show what is equivalent to a legal title in them, it is immaterial what may have been the rulings of the Circuit Court, the judgment must be affirmed, because the plaintiffs failed to show a right of recovery, and are therefore not injured by any rulings the court made. It is certainly the rule in this court, that if the record shows, affirmatively and clearly, that the plaintiff never can recover, then he cannot complain of any rulings of the court against him, no matter how erroneous such rulings may be, as matter of law. Such erroneous rulings are, at most, error without injury.—*Alexander v. Caldwell*, 61 Ala. 543; 1 Brick. Dig.

780, §§ 96, 97. To come within this rule, however, the facts negativing plaintiff's right of recovery must be clear and uncontroverted. Indefiniteness and insufficiency of the plaintiff's evidence will not authorize the application of the rule.—*Ib.* 780, § 98.

It is contended for appellee that plaintiffs below, having failed to prove title in themselves, are brought within the rule stated above. It must be conceded that there is not enough in the bill of exceptions to prove a legal title in plaintiffs. Their purchase at assignee's sale, not being followed by a conveyance, vested, at most, an equitable title in Farley, Spear & Co. An equitable title will not support ejectment. Neither can plaintiffs recover on the mortgage made to Taylor, without showing a deed from the mortgagee to them, either indorsed on the mortgage, or by a separate conveyance.— *Graham v. Newman,* 21 Ala. 497. The recital in the bill of exceptions in this case falls far short of proof of a conveyance of title. What the substance or form of the transfer was, we are not informed. But the bill of exceptions does not affirm that it contains all the evidence. In such case, we cannot apply the doctrine of error without injury.—*Marshall v. Betner,* 17 Ala. 832; *Adams v. Adams,* 26 Ala. 272; *Pinkston v. Green,* 9 Ala. 19; *Young v. Dumas,* 30 Ala. 213. When error is shown, the presumption of injury arises, and must be clearly repelled by the record, or the judgment will be reversed.—1 Brick. Dig. 780, § 100; *Castello v. Thompson,* 9 Ala. 937; *Williams v. Cannon,* 9 Ala. 348.

The defense relied on was, that the premises sued for were exempt to Sutherlin as his homestead. A certified copy of an order, made in the District Court in bankruptcy, was relied on in support of this defense. That order was made after the present suit was brought. It purports to be a judgment rendered *nunc pro tunc,* but does not show when the order was made, which it assumes to amend. It is headed " *Ex parte* J. M. Sutherlin, bankrupt; " and declares that, " upon the hearing of the petition in this cause, it appears to the court that the facts set forth in the petition are true; and it further appearing that a homestead exemption was regularly set aside and assigned to said bankrupt, but that there is no record evidence of any conveyance therefor to protect his title ; it is therefore ordered by the court, that J. F. Bailey, assignee of said bankrupt's estate, execute to said J. M. Sutherlin, bankrupt, a conveyance *nunc pro tunc* of the following real estate, as a homestead exemption," &c. The petition referred to in the order was not produced. The order, certified by the clerk as a true copy of the original,

was offered alone, and received in evidence, against the objection of plaintiffs. Neither the bankrupt's claim of exemption, nor the action of the court, or of the assignee, in allowing the claim of homestead exemption, is shown in the present record. It will be observed that, in the order made by the District Court, granting the prayer of the petition, no complaint had been made that the record did not show the homestead exemption had been set aside. The court affirmed that such exemption "was [had been] regularly set aside and assigned to said bankrupt." The complaint made, and the relief sought, rest on the fact affirmed, that *there is no record evidence of any conveyance therefor to protect his* [the bankrupt's] *title.* If this be true, there was evidence that the homestead had been set aside and assigned; and the additional security the bankrupt sought and obtained an order for, was record evidence of a conveyance to protect his title. It would seem that a bankrupt is not entitled to a conveyance of his homestead by the assignee. The title to exempt property never vested in the assignee.—Rev. Stat. U. S. § 5045. But, be this as it may, the transcript offered in evidence was fragmentary, omitting all connection with a judicial proceeding, and omitting the petition on which it was granted, and all evidence of record, or *quasi* of record, that the homestead had been regularly set aside and assigned. The Circuit Court erred in admitting this certified copy-order in evidence against the present plaintiffs, whose asserted right accrued before the order was made.—1 Brick. Dig. 823, §§ 282, 283.

There is another phase of the defense in this case in which the Circuit Court erred. It is settled in this court, that the homestead which the constitution exempts, shall not exceed in value two thousand dollars.—*Miller v. Marx*, 55 Ala. To that extent, the constitutions of 1868 and of 1875 operate a complete exemption by their mere unaided force. If, after being reduced to the lowest practicable area, the homestead still exceeds two thousand dollars in value, it is entirely without the operation of the constitutional protection; and the conveyance of it by the owner, being a married man, without the voluntary signature and assent of his wife, is not made void by that instrument. If, when the mortgage was made, the homestead exceeded two thousand dollars in value, Sutherlin had no valid claim to have it declared exempt from the grants and covenants contained in his mortgage to Taylor.—*Watts v. Burnett*, 56 Ala. 340.

Several of the rulings of the Circuit Court are opposed to these views.

The judgment is reversed and remanded.