# Francis-Chenoweth Hardware Co. v. Bailey & McConnell.

## Garnishment Suit.

1. *Garnishment proceeding is a distinct suit.*—A garnishment proceeding, whether the writ is issued in aid of a pending suit or to obtain satisfaction of a judgment, is essentially a suit, distinct within itself; it introduces a new party litigant, who may become the adversary of both plaintiff and defendant in the pending suit or judgment, with whom new and distinct issues are to be found, and against whom a separate, distinct and independent judgment is sought.

2. *Appeals from justice of the peace; jurisdiction of appellate court.*—Where an appeal is taken from a judgment of a justice of the peace, to support the jurisdiction of the court to which the appeal is taken, the judgment appealed from must be a final judgment, decisive of the particular case; such a judgment as would support a writ of error or appeal from a court of record.

3. *Same; judgment in garnishment suit.*—Where, on an appeal by a garnishee from a judgment rendered against him by a justice of the peace on a writ of garnishment issued on a judgment in the principal suit, the writ of garnishment is quashed, thereby avoiding the judgment appealed from, the appellate court can not require the garnishee to answer another and separate writ of garnishment, issued in aid of the principal suit, on which the justice had not rendered judgment; and a judgment rendered by the appellate court against the garnishee on his answer to such garnishment on which the justice had not rendered judgment is erroneous.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

The facts of the case are sufficiently stated in the opinion.

MOUNTJOY & TOMLINSON, for appellant.—A garnishment suit is, in effect an independent suit, and is subject to the same rulings as to services of process, continuances, &c., as any other suit.—*Harris v. Miller*, 71

Ala. 26. After the court quashed the writ of garnish-
ment on which the judgment in the justice of the peace
court was rendered, there was no judgment before the
city court, and the city court should have dismissed said
garnishment proceedings against the appellant.

W. T. HILL, *contra*.

BRICKELL, C. J.—This case originated before a
justice of the peace of the county of Jefferson, and was
carried into the city court by appeal. The appellees
commenced suit before the justice against Isaac Lewis
and Alice Lewis, founded on a promissory note, which,
as alleged in the complaint filed before the justice, con-
tained a waiver of exemptions of personal property. In
aid of the suit, a garnishment was issued directed to the
appellant, requiring it to appear and answer whether
it was indebted to the defendant Isaac Lewis, or had
effects of the said defendant in its possession or under
its control. The garnishment was issued on an
affidavit of the appellees' attorney, conforming substan-
tially to the requirements of the statute, having the
affirmative statement that the defendant had in writing
waived his exemptions. The appellees having there-
after, on the 27th day of September, 1892, recovered
judgment against the defendants, on the 14th October,
1892, sued out another writ of garnishment directed to
the appellant requiring it to answer whether it was in-
debted to the defendant Isaac Lewis, or had effects of
the said defendant in its possession or under its control.
The affidavit upon which the garnishment was issued
did not negative the fact that the demand sought to be
subjected was owing for the personal services of the de-
fendant in the judgment, or affirm the fact that the de-
mand in amount exceeded twenty-five dollars, nor that
there was a waiver of exemptions. On this garnish-
ment the justice rendered judgment against the appel-
lant, from which the appeal to the city court was taken.

In the city court, the appellants moved to quash the
garnishment, because it was not supported by an affi-
davit, "that the demand sought to be subjected by gar-
nishment is not owing for or on account of personal ser-
vices rendered by the defendant as a laborer or employé,
or that the amount thereof exceeded the sum of twenty-

five dollars, or that the defendant had in writing waived his right to claim the sum as exempt, as required by act of the legislature of February 18th, 1891.—Acts 1890-91, page 1403.'' The motion was sustained and the garnishment quashed. Thereupon the appellees moved that the appellant be required to answer the first writ of garnishment issued by the justice, and upon the requirement of the court the appellant made answer, and after other proceedings not necessary to notice, the court rendered judgment against the appellant, from which this appeal is prosecuted. The requirement of the appellant to make answer to the garnishment, and the rendition of the judgment against it, are the material assignments of error.

The statute, (Code, § 3398), confers on a party supposing himself aggrieved by the judgment of a justice of the peace, the right to appeal to the circuit court, or court of like jurisdiction, of the county in which the judgment was rendered. The appeal having been taken, the case is tried *de novo*, without regard to any defect in the summons, or other process, or proceedings before the justice.—Code, § 3405. When, as in the present case, the appeal is taken by a party against whom a judgment for the payment of money had been rendered, such party must give bond with sufficient sureties in double the amount of the judgment including costs, with condition to pay such judgment as may be rendered by the court to which the cause is removed.—Code, § 3400. It is apparent that to support the jurisdiction of the court to which the appeal is taken, there must be, primarily, the decision, sentence or judgment of the justice.—*Little v. Fitts*, 33 Ala. 343. And the judgment must be final, decisive of the particular case ; such a judgment as would support a writ of error or appeal from a court of record. *Wyatt v. Judge*, 7 Port. 37.

The only judgment which the justice of the peace had rendered, and that from which the appeal was taken, was the judgment rendered on the 22d February, 1893. The judgment was founded on the garnishment issued on the 14th October, 1892, after the rendition of judgment against the defendants in the principal suit. A garnishment whether it issue in aid of a pending suit, or to obtain satisfaction of a judgment, is essentially a suit, a proceeding by a creditor to reach and subject the rights

or credits of his debtor, which are within the scope of the remedy as declared by statute.—Code, § 2994. While it may be consequential to the pending suit, or to the judgment, a new party is introduced, who may become the adversary of both parties plaintiff and defendant in the pending suit, or judgment, with whom new and distinct issues are to be formed, and against whom a separate, distinct, independent judgment is sought. There was no connection between the garnishment issued during the pendency of the principal suit, and the garnishment issued subsequent to the judgment. The one has no relation to the other. Each was the institution of a separate, distinct suit, commenced under differing limitations and conditions; and each was the subject of a separate, distinct judgment by the justice, which could have been carried by appeal to the city court, or other court having jurisdiction.

When the city court quashed the garnishment on which the judgment of the justice was rendered, from which the appeal was taken, because it was void, and the judgment was consequently void, the jurisdiction it could rightfully exercise, except to render a judgment for costs, was exhausted. On the other garnishment, issued in aid of the principal suit, the justice had not rendered judgment, and the essential element of the jurisdiction of the city court, the decision, sentence, or judgment of the justice, was wanting. If the garnishment on which the judgment was rendered by the justice, had not been void, and the judgment of consequence void, the garnishee could as matter of right have answered anew, or a further answer could have been required of him. This follows as a consequence from the statutory requirement that on appeal the trial shall be *de novo*. It is the garnishment on which the judgment was rendered, from which the appeal is taken, the garnishee may answer anew, or to which the court may require him to answer further, and not any other garnishment; certainly not another garnishment on which no judgment was rendered, and which is not the subject of the appeal.

The city court erred in requiring the appellant to answer the garnishment on which the justice had not rendered judgment, and in the rendition of the judgment against the appellant. The judgment must be reversed, and a judgment will be rendered here that the defend-

ants go hence, and recover of the appellees the costs of
appeal, and the costs of the city court.

Reversed and rendered.