## STATE USE OF BROWN ET AL. VS. CROW ET AL.

The mode of filling vacancies in an office, where the term of office is made to correspond with the general elections by the people, and the constitution makes no provision for filling vacancies that may occur during the term, is within the control of the Legislature.   (*The State vs. Sorrells*, 15 *Ark.* 674.)

The act of 3d December, 1840, (*Acts of* 1840, *p.* 6,) providing for a new election to fill vacancies in the office of sheriff, etc., did not repeal the statute (*Gould's Dig., chap.* 160, *sec.* 15,) authorizing the presiding judge of the County Court to appoint a Sheriff, *pro tempore*, when the offices of Sheriff and Coroner were both vacant, until the vacancy be filled according to law; and so. such appointment in such case, on the 25th July, 1844, was a legal appointment.

In a suit upon the bond of a Sheriff, appointed by the presiding judge of the County Court, the order making the appointment, the original bond of the Sheriff, which contained an admission of the appointment, also a duly authenticated copy of such bond, are admissible as evidence to prove that he was Sheriff.

*Error to Clark Circuit Court.*

Hon. ABNER A. STITH, Circuit Judge.

CUMMINS & GARLAND and JORDAN, for the plaintiff.

That the Court erred in refusing to permit the plaintiff to read in evidence a certified copy of the Sheriff's bond, also the original, also the order of the County Court, appointing Crow Sheriff, the following authorities are submitted: *Outlaw et al. vs. Yell, Gov.*, 3 *Eng.* 345; *Adams et al. vs. State, use Wallace*, 1 *Eng.* 497; *Eng. Digest chap.* 66, *sec.* 11; *Mitchell vs. Gibson et al.*, 14 *Ark.* 229; 3 *Marsh.* 303; 15 *Wend.* 502.

The Court erred in instructing the jury, that if they believe Crow was appointed Sheriff by the County Court, the appointment was not legal. *Art.* 6, *sec.* 17, *Const. Ark.;* also, *Art.* 4, *sec.* 28; *Eng. Dig. p.* 64, *p.* 940, *sec.* 14; *State vs. Sorrells*, 15 *Ark.* 664.

WATKINS & GALLAGHER, for the defendants.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

This was an action of debt, brought in the name of the State, for the use of Brown & Bean, against Crow, as sheriff of Clark county, and Sloan and Thornton, as his securities. The suit was upon the official bond of Crow.

The substance of the breach of the bond assigned in the declaration is, that under an execution which came to the hands of Crow, as sheriff, he sold the steamboat *Arkadelphia*, the property of Brown & Bean, for less than two-thirds the appraised value. The case has been in this Court before, and is reported in 6 *Eng.* 642, where the pleadings and facts, to the time of the first trial, fully appear. Among the pleas interposed by the securities of Crow, was one averring that he was not sheriff, etc., to which the plaintiff took issue. After the cause was remanded from this Court, it was again submitted to a jury upon the issues, etc.

On the trial, the plaintiff read in evidence the execution described in the declaration, and the return endorsed thereon. The execution was issued by the Clerk of the Ouachita Circuit Court, against the steamboat *Arkadelphia*, upon the transcript of a judgment of a justice of the peace, filed in his office, and is addressed to the sheriff of Clark county.

It appears from an endorsement thereon, that it came to the hands of *W. S. Smith*, sheriff of Clark county, on the 7th of June, 1844, that he levied upon the boat the 12th of July following, and advertised her to be sold on the 25th of the same month. Then follows a return made by the defendant, Crow, commencing thus:

Whereas, on the 25th day of July, 1844, the said W. S. Smith having resigned his office of sheriff, and I, James H. Crow, having received the *pro tem.* appointment of sheriff, for said county of Clark, and the said Smith, late sheriff, delivered the written order of sale to me to be further executed, as the law directs, with his return as above thereon, and on this, the 25th day of July, 1844, before the legal hours of sale, F. Jordan, Esq., demanded the appraisement of said boat, etc., etc.

The return proceeds to show the appraisement and sale of the boat, etc., and is signed by Crow, as sheriff.

The plaintiff also offered to read in evidence the order of the presiding judge of the County Court of Clark county, appointing Crow sheriff *pro tempore*, which, upon the objection of the defendant, the Court excluded.

The plaintiff then proposed to read in evidence, an authenticated copy of the bond executed by Crow, as sheriff, etc.— also, the original, and offered to prove its execution, etc., but the Court excluded them. The bond is dated 25th July, 1844, and its condition recites that Crow had, on that day, been appointed sheriff, *pro tempore*, of Clark county, by the judge of the County Court, etc.

The plaintiff also offered to prove by a witness, that Crow acted as sheriff, and advertised and sold the boat as such, etc., which the Court excluded.

The Court instructed the jury, that if they believed that the presiding judge of Clark County Court had appointed said Crow sheriff, as alleged in the declaration, such appointment was not legal, and they must find for the defendants, under the issues herein.

And further, that if the jury believed that said Crow acted as sheriff, as alleged in the declaration, and made return of his said acts as such, when he was not really sheriff, he could not be sued on his official bond as sheriff, but could be made responsible individually, and they must find in favor of the defendants.

The jury returned a verdict in favor of the defendants, the plaintiff moved for a new trial, on the grounds that the Court erred in excluding evidence offered by the plaintiff, and instructing the jury as above.

The Court overruled the motion, and the plaintiff excepted and brought error.

1st. The constitution provides, that the qualified voters of each county shall elect one sheriff, etc., *for the term of two years.* *Art.* 6, *sec.* 17. It also provides for the holding of general elections every two years, etc. *Art.* 4, *sec.* 8. Thus the term of the office is made to correspond with the period fixed for the general elections by the people. Though the officer for the regular term must be elected by the qualified voters of the county, yet inasmuch as the constitution makes no provision for filling vacancies that may occur in the office between the periods fixed for the general elections, by death, resignation or removal, the mode of filling such vacancies is within the control of the Legislature, as held in *The State vs. Sorrells,* 15 *Ark.* 674. Such has been the usage of the government from the time the constitution was adopted—various acts having been passed, providing for filling vacancies by appointment. See *Acts of* 1836, *p.* 128; *Acts of* 1840, *p.* 6; *Acts* 1842, *p.* 41; *Gould's Dig. ch.* 160, *sec.* 15; *and ch.* 175.

The appointment in question was no doubt made by the

judge of the County Court of Clark county, under the following act:

" If the offices of sheriff and coroner shall both be vacant at any one time, the presiding judge of the County Court shall appoint a sheriff *pro tempore*, who shall give bond in accordance with this act, and shall perform all the duties of the office of sheriff until the *vacancy which he temporarily occupies is filled according to law. Rev. Stat., chap. 140, sec. 15; Eng. Dig., ch. 151, sec. 14; Gould's Dig. ch. 160, sec. 15.*

The act of 29th October, 1836, (*Acts of 1836, p. 128,*) provides, that in all cases of vacancy in the office of sheriff, etc., the Governor should fill such vacancy by appointment, until the next general election, but this act was not carried into the *Revised Statutes,* (prepared by Ball & Roane); nor did that revision contain any general provision for filling vacancies in the office of sheriff. The act of 3d of December, 1840, (*Acts of 1840, p. 6,*) passed at the first session of the General Assembly after the *Revised Statutes* were put in force by proclamation of the Governor, was doubtless intended to supply this omission. *Section* 1 of this act provides that, when any vacancy shall occur in the office of sheriff or coroner, etc., it shall be filled by writ of election issued by the Governor.

*Section* 2 provides that, when the office of sheriff shall be vacated by death, resignation, removal or otherwise, it shall be the duty of the judge of the County Court or coroner to give immediate written notice of such vacancy to the Governor, who shall thereupon issue a writ of election to the coroner, requiring him to hold an election to fill such vacancy, after giving at least ten days' previous notice, etc. The 3*d section* provides that when a vacancy shall occur in the office of sheriff, the coroner shall be ex-officio sheriff, *ad interim*, and in like manner, the sheriff shall be ex-officio coroner, and shall give notice of such vacancy in the office of coroner, in the manner prescribed in the foregoing section.

The act of the 31st December, 1842, (*Acts of 1842, p. 41,*) provides, that, where the offices of county judge, sheriff and coroner,

may be all vacant at the same time, the clerk of the Circuit Court shall give at least ten days' notice, etc., that an election will be held, etc., for the purpose of electing a sheriff and coroner, etc.

The appointment in question was made 25th of July, 1844, and before the passage of the act of December 14th, 1846, (*Gould's Dig.*, *ch.* 175, *sec.* 3,) in relation to vacancies in the offices of sheriff, etc., and which specifically repealed the act of December 3d, 1840, etc.

Did the act of December 3d, 1840, repeal, by implication or conflict, the statute above copied, empowering the judge of the County Court to make a *pro tempore* appointment of sheriff, where the offices of sheriff and coroner were both vacant, etc.

This statute was part of the *Revised Statutes*, and was carried into the *Digests* of 1848 and 1858, the digesters supposing it to be still in force. There was no necessary conflict between it and the *act of December* 3d, 1840. Construing the two statutes together, when a vacancy occurred in the office of sheriff and coroner both, the judge of the county court, being near at hand, was authorized to make a *pro-tempore* appointment of sheriff, and the appointee would act as such until the governor could be informed of the vacancy, issue a writ of election, and cause the vacancy to be regularly filled, when the *pro-tempore* appointee would cease to act. But if it be supposed that the act of December 3d, 1840, repealed the statute empowering the County Judge to make such temporary appointment, then in case of a vacancy in both the offices of sheriff and coroner, there would have been no one to act as sheriff during the time that was required to notify the Governor of the vacancy, issue the writ, hold the election, etc., etc.

It follows that the Court below erred in excluding from the jury the order of the Judge of the County Court, appointing Crow sheriff *pro tempore*, also erred in excluding the bond executed by him and his securities, in pursuance of the appointment, which contained an admission of the appointment, and would have been sufficient on the part of the plaintiff, without

introducing the order of the judge making the appointment, though he had the right to introduce both if he deemed it proper so to do. A duly authenticated copy of the bond was competent evidence (*Gould's Dig. chap.* 67, *sec.* 11,) as well as the original.

The court also erred in giving the first instruction to the jury.

2. The second instruction is based upon the first, and falls with it. The first asserts, in effect, that the appointment of Crow, as sheriff, by the Judge of the County Court, was illegal and void. The substance of the second is, that the appointment being illegal and void, the bond taken in pursuance thereof was also void, and no action could be maintained thereon, though Crow was personally responsible for his acts as sheriff, etc. The first proposition being without foundation, so far as appears from the record now before us, the second becomes abstract, and need not be decided. For the errors above indicated, the judgment of the court below is reversed, and the cause remanded with instructions to grant the plaintiff a new trial.