CROW ET AL. VS. STATE USE OF BROWN.

The appraisement act of 1840, (*Acts* 1840, *page* 58,) applied as well to executions against steamboats, as where other property was seized; and the defendant's right to have the boat appraised, etc., did not depend upon his giving bond for the delivery of the boat on the expiration of the stay.

The defendants having claimed the benefit of the appraisement act, and the property failing to bring two-thirds of its value, the law made it the duty of the sheriff to reserve the property from sale, without any request of the defendant; and if such request be alleged in the declaration in an action on the official bond of the sheriff for proceeding to sell, such allegation is mere surplusage.

The granting of permission to file pleas out of time is a matter within the sound legal discretion of the court; and the court may well strike out the plea of limitation where the defendant had neglected to plead for nearly five years.

The declaration in a suit upon a sheriff's bond for a tresspass committed in selling the plaintiff's property, under an execution issued by the clerk of the Circuit Court upon a judgment of a justice of the peace, having alleged in the breach that the plaintiff in the execution did not cause a transcript of the judgment and proceedings of the justice to be filed in the clerk's office, such allegation becomes material and traversable.

Under the laws of this state, an action on an official bond in the name of the State for the use of the party injured, is a private suit in all respects and to the same effect as if the party were the nominal plaintiff. And so a replication to the plea of limitation, in an action by *The State use of Brown & Bean*, alleging that *the State* had instituted suit against the same defendants, on the same cause of action, the judgment in which was arrested and the present suit brought within a year, is insufficient.

Where the action is misconceived—as where an action on the case *exdelicto*, instead of an action of debt, was brought—it is within the mischief intended to be remedied by *sec. 27, ch. 106, Gould's Digest.*

To the plea of limitations in an action brought by *The State use of Brown & Bean*, after the period of limitations had elapsed, the plaintiff replied, setting forth an action within the period of limitation, by *The State use of Brown* against the same defendants, on the same cause of action, and arrest of judgment, and the present suit within a year: *Held*, that the replication did not avoid the plea: all the plaintiffs in the present suit not having joined in the first.

In an action against a sheriff, on his official bond, for abusing the process of execution whereby the defendant in the execution has suffered injury, it is within the province of the jury to allow interest on the value of the property injured by way of increasing the damages: but it is error in the court to instruct them to allow interest.

For the tortious sale of a steamboat by a sheriff, under execution, the owner is entitled to recover the actual value of the boat as property, though she may have been *unriver-worthy* at the time of the sale.

The death of one of several plaintiffs before verdict and judgment, is not technically a matter in arrest; but if the court is satisfied of the death, during the term, the judgment ought to be set aside, and a judgment rendered in favor of the survivor.

### *Appeal from Clark Circuit Court.*

Hon. LEN B. GREEN, Circuit Judge.

GALLAGHER, for plaintiffs.

GARLAND & RANDOLPH, and JORDAN, contra.

Mr. Chief Justice ENGLISH delivered the opinion of the court.

This case has been twice here before, on writs of error prosecuted by the State. See 6 *Eng. R.* 642; 20 *Ark.* 209.

After the last remanding of the cause, there was a third trial, judgment in favor of the State, and appeal by the defendants: who have brought up the whole record, and complain of alleged errors of the court, in passing upon questions of law arising upon the pleadings prior to both writs of error, but of which the State did not complain, the points having been determined in her favor.

1. A demurrer to the declaration, interposed by Crow, was overruled.

The suit was brought in the name of the State, for the use of Wm. Brown and Bailey Bean, upon the official bond of James H. Crow, as sheriff of Clark county.

Crow, the principal, and James Sloan and Abner E. Thornton, sureties in the bond, were the defendants in the suit.

The special breach of the bond assigned in the declaration, is set out in the report of the case in 6 *Eng. R.* 643. The gravamen of the action is that an execution, issued by the clerk of the Ouachita Circuit Court, upon the transcript of the judgment of a justice of the peace, against the steamboat ARKA-DELPHIA, came to the hands of Crow to be executed—he seized the boat and advertised her for sale ; at the instance of Brown and Bean, her joint owners, she was appraised at $1,000, and when offered for sale, failing to bring two-thirds of her appraised value, Crow refused to reserve her from sale, but sold her for $125.

It was assigned as cause of demurrer to the declaration, that the owners of the boat were not entitled to have her appraised and reserved from sale if she failed to bring two-thirds of her appraised value. In other words, that the appraisement act did not apply to executions against steamboats.

The act (*Acts of* 1840, *p.* 58,) in terms, applied generally, and without exception, in all cases where an execution was levied on property, real or personal. No distinction is made in the act between executions issued upon judgments *in personam*, and executions issued upon judgments *in rem;* and we know of no good reason why the court should or could make any such distinction.

It was assigned as a further cause of demurrer to the declaration, that it was not averred that any bond was tendered to Crow for the delivery of the boat at the expiration of twelve months—the period of the stay prescribed by the act.

If the [property did not bring two-thirds of its appraised value, it was made the duty of the officer to reserve it from sale, and return the writ, etc. The lien of the execution was not thereby released, but the creditor had the right, at the end

OF THE STATE OF ARKANSAS. 687

TERM, 1861.]                Crow et al. vs. State use of Brown.

of twelve months from the return, to sue out another writ, and sell the property, without appraisement (*secs.* 4 *and* 5.) The 6th section provides: "that until the sale thereof, the property levied upon shall remain in the hands of the owner or claimant thereof, *in the same manner as is now prescribed by law.*"

The reservation of the property from sale, on its failure to sell for two-thirds of its appraised value, was not made to depend upon the giving of a bond by the owner, for its delivery at the expiration of the stay. The duty of the officer to reserve it from sale was imperative. If the owner failed or refused to execute a delivery bond, the officer should have retained the property in his custody until the time of sale, as in ordinary cases, under existing laws, where personal property is levied on, and no delivery bond given.

The above are the only causes of demurrer urged by the counsel for the appellants, and there is less plausibility in the other causes assigned than in the causes discussed.

2. The demurrer of Crow to the declaration was overruled at the September term, 1847. At the March term, 1852, he filed a plea of limitation, which, on motion of the State, the court struck out, as having been filed out of time, and he excepted.

The granting of permission to file pleas out of time, is a matter within the sound legal discretion of the court; and we find nothing in the record to induce the belief that the discretion of the court was abused, in striking out the plea filed by Crow after so much delay. See *State vs. Jennings, etc.,* 5 *Eng. R.,* 442.

3. The court sustained a demurrer to the 4th plea, interposed by Sloan and Thornton, which alleged:

That said McConnel [the plaintiff in the execution under which the boat was sold,] did not cause a transcript of the judgment and proceedings had in said justice's court, to be filed in the clerk's office of the Circuit Court of Ouachita county, in manner and form as alleged, etc.

When the case was first here (6 *Eng.* 640,) this court held, in effect, as we understand the decision, that the execution being

upon its face regular, and Crow having undertaken to execute it, he and his securities were liable for its abuse, whether it was founded upon a valid judgment or not; and consequently, that it would have been sufficient for the plaintiff, in assigning the breach, to have set out the process—that it was not necessary to allege the recovery of the judgment before the justice, etc.; but the plaintiff having done so, as a part of the description of the cause of action, the allegation became material and traversable, and necessary to be proven substantially, though not strictly.

Regarding this decision as the law of the case, it applies with full force to the allegation in the breach that a transcript of the judgment was filed in the office of the clerk of the Circuit Court, without which the clerk has nothing to base an execution upon.

In other words, if, as held by the court, the allegation of the recovery of the judgment was material and traversable, the allegation of the filing of the transcript in the office of the clerk was also material and traversable, for the latter allegation is as much a part of the description of the cause of action as the former: and the recovery of the judgment was not more essential to the issuance of the execution by the clerk, than the filing of the transcript of the judgment in his office, for, as above mentioned, until the transcript was filed, he had nothing to base the execution upon, and no authority to issue one.

The allegation being material and traversable, it follows that the plea denying it was not demurrable; and that the court erred in sustaing a demurrer thereto.

4. The court also sustained a demurrer to the 9th plea filed by Sloan and Thornton, which alleged:

That said Brown and Bean did not request said sheriff to reserve said boat, etc., from sale, in manner and form as in said declaration alleged, etc.

The owners of the boat having claimed the benefit of the appraisement act; and the sheriff having caused it to be appraised, and it failing, when offered for sale by him, to bring,

two-thirds of its appraised value, the law made it his duty to reserve the boat from sale, whether requested so to do by the owner or not. The allegation in the declaration that Brown and Bean requested (or ordered) Crow to reserve the boat from sale, was, therefore, mere surplusage, immaterial and not traversable ; and the court did not err in sustaining the demurrer to the plea denying it.

5. The court below sustained a demurrer to Sloan and Thornton's *second* and *third* rejoinders to plaintiff's replication to their first plea.

The *first* plea was, that the cause of action did not accrue at any time within two years next before the commencement of the suit.

The plaintiff replied, in substance, that she commenced a suit for the same identical cause of action, as in the declaration mentioned, in the Clark Circuit Court, against Crow, and the other defendants, within two years from the time the cause of action accrued, to-wit : on the 3d of January, 1846, and that at the March term of said Circuit Court, 1847, she recovered judgment in said suit against said defendants ; and they caused said judgment to be arrested, set aside and held for naught, at the same term, etc.; and that she commenced this suit, which is for the same identical cause of action, and upon the same writing obligatory, as that upon which judgment was recovered and arrested at the March term of said court, as aforesaid, within one year after said judgment was arrested, to-wit : on the 31st day of May, 1847, etc.

The *second rejoinder* alleged, in substance, that the said action, commenced and prosecuted as in said replication is alleged, was misconceived, the same being an action on the case, *ex delicto*, and not an action of debt, etc.

The *third rejoinder* alleged, in substance, that the said other action mentioned in said replication as having been commenced and prosecuted as therein alleged, was an action in the name of the State, who sued therein for the use and benefit of Wm. Brown, sr., without this that the said action was an action in

44

**690**          CASES IN THE SUPREME COURT

Crow et al. vs. State use of Brown.          [DECEMBER

the name of the State for the use of Wm. Brown, sr., and Baily
Bean, etc.

*Sec.* 27, *chap.* 106, *Gould's Dig., title Limitations*, provides
that: "If any action shall be commenced within the times
respectively prescribed in this act, and the *plaintiff therein* suffer
a non-suit, or after a verdict for him, the judgment be arrested,
or after judgment for him, the same be reversed on appeal or writ
of error, *such plaintiff* may commence a new action, from time
to time, within one year after such non-suit suffered, or judgment
arrested or reversed; and if the cause of action survive or de-
scend to his heirs, or survive to his executors or administrators,
they may, in like manner, commence a new action within the
time herein allowed to *such plaintiff*."

Sheriff's bonds are made payable to the State. *Dig., chap.* 160,
*sec.* 2.

*Sec.* 15, *chap.* 127, *Dig.*, provides that: "In all cases, where
by the laws of this State, any person is authorized to prosecute a
suit to his own use, on any official bond, he shall sue in the name
of the State, or other obligee named in the bond, stating in the
process, pleadings, proceedings and record in such action, that the
same is brought for the use of the person suing."

And section 21, of the same chapter, provides: "Every suit
brought on such official bond to the use of the party aggrieved,
and every judgment thereon, shall be deemed the *private suit and
judgment of the relator, in the same manner as if he were the
nominal plaintiff*, and such relator shall be liable for costs as
other plaintiffs."

Before passing upon the sufficiency of the rejoinders, it may be
remarked that the replication to the plea of limitation was bad.
It avers a suit by the State, against defendants, on the same cause
of action, before the bar attached, judgment arrested, and pre-
sent suit within a year, etc., but it does not allege that the first
suit was brought for the use of Brown and Bean, the joint owners
of the steamboat, for whose use and benefit the present action
was brought.

It may be stated in general terms, that to prevent the cause

of action from being barred, by the operation of the 27th section of the limitation act, above copied, the parties to the first suit, or their legal representatives, or privies in estate, title or interest, should be parties to the second suit. *Ingraham et al. vs. Regan*, 23 *Miss.* 224. Hence, a former suit in the name of the State, simply, on Crow's official bond, would not prevent the statute from running against the present suit, brought in the name of the State for the use of Brown and Bean, who are the parties complaining of the official misconduct of the sheriff; and who are to be regarded, under *sections* 15 *and* 21, *of chap.* 127, *Dig.*, as the real plaintiffs in the action, the State being but nominally a party.

If the replication had been good, the *second* rejoinder, alleging that the first action was misconceived, being an action on the case *ex delicto*, instead of debt, would have been an insufficient answer to the replication. Where the parties to the two actions are in legal effect the same, and the cause of action the same, an error in the form of the first action is within the mischief intended to be remedied by the 27th section of the limitation act—such error being cause for arresting the judgment. See *Young vs. Davis*, 30 *Ala.* 213.

Was the *third rejoinder* good? *Brown* and *Bean* were the joint owners of the steamboat *Arkadelphia*, and they were the parties jointly injured by the trespass of the sheriff, Crow, in selling the boat without authority. The first suit was brought, the rejoinder alleged, in the name of the State for the use of Brown, and not for the use of Brown and Bean.

In legal effect, under the 15*th and* 21*st sections of chap* 127, *Dig.*, the first suit was brought by Brown, one of the joint owners of the boat; and the present suit was brought by Brown and Bean, both of the parties in interest.

When the present suit was commenced, the cause of action was barred as to Bean, who had never sued before, but was not barred as to Brown, who brought the former suit. But the action being barred as to one plaintiff, must fail as to both, for

in a suit like this, they must share a common fate. Both must have the legal right to recover, or both must fail.

Of this result Brown has no cause to complain, because he must have known, as well when the first suit was brought as when this suit was commenced, that Bean was his partner in the ownership of the boat, if such was the fact. Nor has Bean any right to complain at the result, because he should have seen that a suit was commenced for his benefit within the period of limitation prescribed by the statute.

This case does not fall within the point decided in *Biscoe et al. vs. Madden as ad.*, 17 *Ark.* 541, as supposed by the counsel for appellee. There the first suit was brought by the surviving original trustees of the Real Estate Bank, and the second suit was brought by the residuary trustees, who were also original trustees, and the court specially remarked upon the fact that the plaintiffs in the second suit were also plaintiffs in the first, although some of the persons who were plaintiffs in the first suit were not plaintiffs in the second. So in *James et al. vs. Biscoe et al.*, 5 *Eng.* 184.

If Brown and Bean and other persons had been plaintiffs in the first suit, then the present suit, brought by Brown and Bean only, would have been similar, in principle, to the cases cited.

It has been held that where several persons are defendants to the first suit, and but one of them defendant in the second, the first suit was effectual to prevent the bar as to him, because he was a party to both suits. *State Bank vs. Gray*, 7 *Eng.* 760 ; *State Bank vs. Roddy, ib.* 776 ; *State Bank vs. Davis, ib.* 768.

But where the first suit is against one of two persons jointly liable, and the second suit is against both of them, the first action is of no avail to prevent the running of the statute in favor of the person not made a defendant to that suit. See *State Bank. vs. Sherrill*, 7 *Eng.* 186 ; *Mann vs. Pattingale*, 7 *Harris, Penn.* 313 ; *Hopkins vs. McPherson*, 2 *Bay* 194 ; *Gray vs. Trapnall et al., ante.*

OF THE STATE OF ARKANSAS. 693

Term, 1861.]     Crow et al. vs. State use of Brown.

To hold that Brown could prevent the running of the statute, both as to himself and Bean, by bringing an ineffectual suit, for his use alone, within the period of limitation, would be giving a latitudinous construction to the 27th section of the limitation act, not warranted by previous adjudications of this court, nor sustained by the decisions of other courts, upon similar statutes, so far as they have fallen under our observation. *Williams vs. Council,* 4 *Jones,* 210; *Moody vs. Threlkeld,* 13 *Georgia R.* 60; *Ingraham et al. vs. Regan,* 23 *Miss.,* 224; *Angel on Lim.,* 350.

It follows that the judgment of the court below upon the demurrers to the 2d and 3d rejoinders to the plaintiff's replication to the plea of limitation should have been in favor of defendants Sloan and Thornton, who filed the plea, because the 3d rejoinder, though not good, was a sufficient answer to a bad replication.

6. The plaintiff, on the trial, moved the court to give the jury five instructions, four of which the court gave, against the objections of defendants, which are as follows:

" 1. If the jury believe from the evidence, that the facts stated in the declaration are substantially proven, they must find for the plaintiff, on the issues before them.

" 2. If the jury find for the plaintiff, in assessing her damages they are to ascertain the actual value of the steamboat, her machinery, etc., at the time of the sale under the execution; and to calculate interest on the amount thereof at the rate of six per cent. per annum, from the date of the commencement of this suit till the present time—and the aggregate of the said value and interest is the measure of the plaintiff's damages—and that in ascertaining the value of said steamboat, the jury are not to confine themselves solely to her value as a steamboat in the Ouachita river, but are to ascertain from the evidence her actual value, or the actual value of her materials and machinery to Brown and Bean.

" 3. If the jury believe from the evidence that the plaintiff in this suit brought her action against the defendants herein

within two years after the cause of action therein complained of accrued, that plaintiff recovered judgment therein; that said judgment was, by the court, arrested; that the present suit was instituted within one year after such arrest, and that the malfeasance complained of in the present action is the identical malfeasance complained of in the said first suit; that these facts, if proven, defeat the defendants' plea of the statute of limitations of two years.

"4. That if the jury believe from the evidence that Smith, as sheriff, seized the steamboat in controversy, and delivered the same to defendant Crow, as sheriff *pro tempore*, and that Crow, as such sheriff *pro tempore*, advertised said steamboat under the levy made by Smith, that these facts, if proven, constitute a seizure in law by the defendant Crow."

The defendants moved the court to give the jury three instructions, the first and third of which the court gave, but refused the second, which is as follows:

"2d. In case the jury find in favor of the plaintiff, they must assess her damages at the value solely of the steamboat Arkadelphia, as a steamboat."

The only objection made by the counsel for the appellants to the *first* instruction given for the appellee, goes to the sufficiency of the declaration, and not to the form or substance of the instruction. The objection is, that the appraisement act was not applicable to the execution against the boat, and therefore Crow was not obliged to reserve it from sale. This objection we have settled against the appellants in considering Crow's demurrer to the declaration.

The jury were not legally obliged to give the appellee interest, as such, upon the value of the boat, at six per cent. from the time of the commencement of the suit, as the court, in effect, told them in the *second* instruction moved by appellee.

In *Watkins vs. Wassell*, 20 *Ark.*, 420, this court held that, "in this State, interest can only be recovered upon contracts for the payment of money, in the cases specified in the statute, leaving the recovery thereof in those cases where the liability

is *tortious* in its character, to be governed by the general principles of the law applicable to them."

In this case, though the suit is debt upon the sheriff's bond, the gravamen of the action is that he abused the process in his hands in selling the boat, when it was his duty, under the appraisement act, to reserve it from sale for twelve months, and consequently he was a trespasser.

In such cases the jury may, in their discretion, allow interest upon the value of the property, from the time of the illegal sale, as part of the damages; for when the owner of property is wrongfully deprived of it, the jury may think it unjust that its value should be withheld from him for years without compensation. *Sedgwick on Damages*, 385, *and authorities cited.* The increase of damages, by way of giving such compensation, is to be left to the discretion of the jury, upon the peculiar facts and circumstances of each case. The *second* instruction was erroneous in not properly submitting the matter to the discretion of the jury.

The first *rejoinder* of Sloan and Thornton to appellee's replication to their plea of limitation, was, that no such action was commenced and prosecuted, etc., and the *third* instruction given for appellee was intended, we suppose, to apply to the issue thus formed. No objection is perceived to the instruction, if the replication had been good, and had not been otherwise met than by the first rejoinder, but, as we have above shown, the replication was not only bad, but was well answered by the *third rejoinder*, to which the court improperly sustained a demurrer; hence, the finding of the jury in favor of the appellee on the issue formed by the *third rejoinder* to the replication, was unavailing.

The gravamen of the action being that the boat was illegally sold, and not that she was illegally seized or levied upon, the *fourth* instruction appears to relate to an immaterial matter, but it is not perceived that the appellants could have been legally prejudiced by it.

**696**     CASES IN THE SUPREME COURT

Crow et al. vs. State use of Brown.     [DECEMBER

The court did not err in refusing the *second* instruction asked by appellants.

Assuming it to have been proven that at the time the boat was sold, she was lying up as *unriverworthy*, or not in a condition to run as a steamboat, still as property, for some purposes, she was no doubt of some value to her owners, and they were entitled to recover that value, by way of damages, for the tortious sale, if their case had been, otherwise, well made out by appropriate pleading, and sufficient proof, though she was described as a steamboat in the declaration. But in ascertaining her value, the jury, of course, would take into consideration any thing in evidence that detracted from, or deteriorated her value as a *steamboat*, or as property to be used by the owners for other purposes.

For the error of the court in giving that portion of the *second instruction* moved by appellee, which relates to interest, the appellants were entitled to a new trial, as it tended to deprive the jury of the right to exercise that discretion in the matter, which we have shown, above, belongs to them.

7. For Thornton and Sloan a motion in arrest of judgment was filed, on the ground that Bean, one of the parties for whose use the suit was brought, had departed this life several years before the term at which the judgment was rendered. The motion was supported by the affidavits of Crow, and another person, who was not a party to the suit.

The death of Bean, being a matter dehors the record, was not technically a matter in arrest of judgment; but if the court was satisfied that the affidavits were true, it should have set aside the judgment, and rendered a judgment, upon the verdict, for the use of Brown, as surviving owner of the boat, reciting the death of Bean.

8. At the next term of the court, Brown, having given notice to the opposing parties, applied to the court to amend the judgment by striking out the name of Bean, on the ground that he was dead when the judgment was rendered. The court refused so to amend the judgment, and Brown, in the name of the

State, appealed. The defendants having previously appealed from the judgment, the two appeals were consolidated.

Though there is a precedent for such an amendment in *Newnham et al. vs. Law*, 5 *Term R.* (*D. & E.*,) 577, yet we do not deem it necessary to give any decided opinion upon the matter, inasmuch as the judgment must be reversed, for the errors above indicated, and when the cause is remanded, the court below can make the proper entry in relation to the death of Bean.

The judgment for costs here will be against Brown, as survivor, both parties concurring in the fact. that Bean died before judgment below.